DWIGHT GRAVES & others *vs.* EPHRAIM CUSHMAN, JR.

Hampshire. September 20. — 28, 1881. LORD & DEVENS, JJ., absent.

The provisions of the Gen. Sts. c. 126, § 1, that no personal action shall be main-tained against a person who is out of the Commonwealth at the time of the service of the summons, unless "he had before that time been an inhabitant of the State," and of c. 123, § 25, that, if the summons is not served personally on the defendant, it shall be left at his "last and usual place of abode within the State," include the case of a defendant who has taken up his permanent residence elsewhere, as well as that of one who is temporarily absent from the Commonwealth.

The statement in an officer's return on a writ, that he had left a summons at the defendant's "last and usual place of abode known to me in this Commonwealth," is sufficient to support the jurisdiction of the court over a personal

*Bill dismissed.*

action against a defendant, described in the writ as an inhabitant of another State, and who has in fact removed permanently from the Commonwealth, and to authorize the court to order further notice to the defendant of the pendency of the action; and if such order directs the plaintiff to give such notice, either by publication in a newspaper printed in the county, or by serving the defendant with a true and attested copy of the writ and of the order thereon fourteen days at least before the next term, the return of an officer in the State of the defendant's residence, sworn to before a notary public there, stating that the order of notice has been complied with, by giving a true and attested copy of the writ and the order of the court thereon to the defendant, known personally to him and within his precinct, will justify the court in overruling a plea to the jurisdiction.

CONTRACT. The writ, returnable to the Superior Court, described the defendant as of Derby in the county of New Haven and State of Connecticut. The officer's return on the writ stated that he had attached all the defendant's right, title and interest in and to all and any real estate in this county; and that he had left a summons at the defendant's "last and usual place of abode known to me in this Commonwealth." The defendant appeared specially, and filed a plea to the jurisdiction, alleging that "he is not and has not for a long time been within the State of Massachusetts, and has no property or estate within said county of Hampshire which is the subject of attachment." At the hearing on this plea, before *Allen*, J., it was admitted that the defendant had been a resident of this county, but not within five years; and there was no further evidence. The defendant asked the judge to rule that the court had no jurisdiction of the person of the defendant or of the cause. The judge refused so to rule, and overruled the plea to the jurisdiction. The defendant alleged exceptions, which were allowed.

After the allowance of those exceptions, the plaintiffs were ordered to give further notice to the defendant of the pendency of the action, either by publication in a newspaper printed in this county, " or by serving the said defendant with a true and attested copy of said writ and of this order thereon fourteen days at least before " the next term.

At the hearing, before *Brigham*, C. J., the only evidence that the order of notice had been complied with was the return of a deputy sheriff of Derby in the county of New Haven and State of Connecticut, sworn to before a notary public there, stating that he had complied with the order of the court by giving a true

and attested copy of the writ and the order of the court thereon to the defendant, known personally to him and found within his precinct. The defendant asked the judge to rule that there was no sufficient evidence that the order of notice had been complied with. But the judge refused so to rule, and ruled otherwise. The defendant thereupon filed a plea to the jurisdiction "for that he is not, and has not for a long time prior to the suing out of the plaintiff's writ been, within the State of Massachusetts, and for that the court hath not jurisdiction of the person of the defendant, and hath not jurisdiction of this said cause of action." The judge overruled the plea, found for the plaintiffs, and ordered judgment for them in the sum of $139.32. The defendant alleged exceptions.

*J. C. Hammond*, for the defendant.

*W. Hamlin*, for the plaintiffs.

GRAY, C. J. To the general rule that no personal action can be maintained against a person who is out of the Commonwealth at the time of the service of the summons, the statutes have made two exceptions: the one where "he had before that time been an inhabitant of the State," the other where an effectual attachment of his property is made on the original writ. Gen. Sts. *c.* 126, § 1. Rev. Sts. *c.* 90, § 44. If the summons is not served on him personally, the original or a copy must "be left at his last and usual place of abode, if he has any within the State known to the officer." Gen. Sts. *c.* 123, § 25. Rev. Sts. *c.* 90, §§ 41, 45. In all cases in which the defendant is out of the State or his place of residence is not known to the officer, and no personal service is made on him, the court, upon suggestion thereof by the plaintiff, shall order the action to be continued from term to term "until notice of the suit is given in such manner as the court may direct;" and if, after such notice, the defendant does not appear at the term to which the action is continued, judgment may be rendered against him upon default. Gen. Sts. *c.* 123, § 28; *c.* 126, §§ 6, 7. Rev. Sts. *c.* 90, §§ 48, 53; *c.* 92, § 3. But the defendant is entitled to sue out as of right a writ of review within a year; and the plaintiff cannot take out execution within that time, unless he gives bond to the defendant with sureties to repay the amount recovered if the judgment shall be reversed upon a writ of review so brought.

Gen. Sts. *c.* 126, § 8; *c.* 146, § 20.   Rev. Sts. *c.* 92, § 6; *c.* 99, § 17.

The object of these provisions is to enable a plaintiff, having a claim against an absent defendant who has once been an inhabitant of this State, to obtain, after taking all reasonable precautions for notifying him of the suit and for securing his rights, a judgment which may be enforced against his property here, and against his person if he returns within the jurisdiction, although a judgment so obtained may not be allowed any force in other States.   It is settled by previous judgments of this court that the words "had before that time been an inhabitant of the State," and "last and usual place of abode within the State," include the case of a defendant who has taken up his permanent residence elsewhere, as well as that of one who is temporarily absent from the Commonwealth.   As was observed by Chief Justice Shaw, "If the defendant has ever been an inhabitant, he must have had a domicil and a place of abode within the State." *Wright* v. *Oakley*, 5 Met. 400, 402–404. *Ewer* v. *Coffin*, 1 Cush. 23, 28.   *Morrison* v. *Underwood*, 5 Cush. 52, 54.   *Tilden* v. *Johnson*, 6 Cush. 354, 359.   *Orcutt* v. *Ranney*, 10 Cush. 183.

Without regard, therefore, to the question whether the statement in the officer's return upon the original writ, that he had attached all the defendant's right, title and interest in and to all and any real estate within his county, shows an effectual attachment, within the meaning of the statutes above referred to, it is quite clear that the statement in that return, that he had left a summons at the defendant's last and usual place of abode known to him in this Commonwealth, was sufficient to support the jurisdiction of the court over the action, and to authorize it to order further notice to the defendant.

As the writ describes the defendant as an inhabitant of another State, the order directing the plaintiff to give further notice to him of the pendency of this action, either by publication in a newspaper printed in this county, or by serving the defendant with a true and attested copy of the writ and of this order thereon fourteen days at least before the next term, cannot reasonably be construed as limiting such personal service to the contingency of his being found within the Commonwealth;

and the statutes having left to the discretion of the court the manner in which such further notice should be given, and compliance with the order of notice having been proved to its satisfaction by the return of an officer sworn to before a notary public in another State, there was no error in overruling the pleas to the jurisdiction and ordering final judgment for the plaintiffs.                              *Exceptions overruled.*