## John Eliot *vs.* Leander J. McCormick & another.

Suffolk. Jan. 12. — Feb. 24, 1887. Holmes & Gardner, JJ., absent.

Under the fourteenth article of the Amendments of the Constitution of the United States, a judgment *in personam* against a person who is not a resident of this Commonwealth, who does not appear in the action, and who is not served personally with process within the Commonwealth, is invalid.

A. brought an action in the Superior Court upon a judgment obtained therein against B., in which action personal service of the writ was made upon B., who appeared therein, and set up in his answer that the judgment was erroneous, because there was no sufficient service upon him in the original action, and that, before the judgment was obtained, he had paid in full the debt upon which it was founded. The judge ruled that error in the original judgment could not be set up in the action thereon, and, upon exceptions, this ruling was sustained; and upon the other issue presented the judge refused to permit B. to go to the jury. B. afterwards applied to the Superior Court for leave to show that the claim on which the judgment was based had been paid and extinguished before the judgment was rendered; and the court, in its discretion, refused to permit this. *Held*, that B. had not waived his right to bring a writ of error to reverse the former judgment.

Morton, C. J. This is a writ of error to reverse a judgment rendered in the Superior Court. In the original suit, which was brought against John Eliot and Oliver Fiske, the officer returns that he attached real estate belonging to the defendant Eliot; and that "the within-named defendants not being inhabitants of this State, not having any residences therein, and not finding them in my precinct, nor any agent, tenant, or attorney of theirs known to me as such, I could make no further service of this writ."

The statutes provide that, where there is a separate summons to be served after an attachment, it shall be served by delivering the summons to the defendant, or, if not served personally, "shall be left at his last and usual place of abode, if he has any within the Commonwealth known to the officer; and if he has none, it shall be left with his tenant, agent, or attorney, if he has any within the Commonwealth known to the officer. If he has no such last and usual place of abode, and no tenant, agent, or attorney, no service on him shall be required, except as is provided in the three following sections."

The two next following sections relate to cases where there are several defendants, one of whom is within the State, and to

real actions, and do not apply in the case at bar. The third following section provides that, in all cases where the defendant is out of the State, or his place of residence is not known to the officer, and no personal service is made on him, he shall be entitled to such further notice by publication or otherwise as the court may order. Gen. Sts. *c.* 123, §§ 23–28; *c.* 126, § 6. Pub. Sts. *c.* 161, §§ 29–34; *c.* 164, § 6.

It may be doubted whether, if we give full effect to our statutes, the return of the officer is sufficient to give jurisdiction to the court, as it does not state that the defendant had no last and usual place of abode known to the officer. The defendant Eliot had, in fact, a last and usual place of abode in this State, although at the time of the service he was resident and domiciled in another State. But we need not consider this question, as there is a more broad and fundamental ground which is decisive of the case.

The fourteenth article of the Amendments of the Constitution of the United States provides that "no State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law."

The Supreme Court of the United States has held in recent decisions, that, under this provision, it is not competent for a State court to render a judgment *in personam* against a person who is not a resident of the State, who does not appear in the suit, and who is not served personally with process within the State. It is held that, where property of a non-resident defendant is found within the State, the state court may attach it on the writ, and may proceed to a judgment so far as to apply the property to the debt; but, if there is no appearance of the defendant, and no personal service on him, a judgment rendered against him personally is void, and has no effect beyond the property attached, and no suit can be maintained on such a judgment, either in the same or in any other court. *Pennoyer* v. *Neff*, 95 U. S. 714. *Freeman* v. *Alderson*, 119 U. S. 185.

As the question before us depends upon the construction of a provision of the Federal Constitution, our decision, if against the exemption or privilege claimed under that provision, would be

subject to be reëxamined by the Supreme Court of the United States, upon a writ of error. Upon such a question, the decision of that court is authoritative and binding upon all state judges. *Fleming* v. *Clark*, 12 Allen, 191.

These decisions modify the application and effect of our statutes, and overrule the adjudications of this court, so far as they hold that a judgment *in personam* can be rendered against a non-resident defendant without any other service than attaching his property, or leaving a summons at his last and usual place of abode within the State, followed by such publication of notice as is ordered by the court. It follows that the judgment in question cannot be sustained as a judgment *in personam.* Although there was an attachment of property on the writ, it has long since been dissolved, and no property is now held by it. We are, for these reasons, of opinion that the judgment must be reversed.

But the defendants in error contend that the plaintiff has waived his right to a writ of error. The facts upon which they rely are, that they brought a suit upon their judgment, in which suit personal service of the writ was made upon the plaintiff in error; and that he appeared in that suit, and set up in his answer that the judgment was erroneous, because there was no sufficient service upon him, and also that, before the judgment was obtained, he had paid in full the debt upon which it was founded.

The court ruled that error in the original judgment could not be set up in the suit upon the judgment, and, upon exceptions, this court sustained the ruling, upon the ground that the defendants' remedy, if any, was by writ of error. *McCormick* v. *Fiske*, 138 Mass. 379. Upon the other issue presented, the Superior Court refused to permit the defendant to go to the jury. This was not a waiver of his right to bring a writ of error to reverse the former judgment. Pleading the invalidity of the judgment is not an abandonment of his claim that it is invalid. On the contrary, he insists upon, and attempts to avail himself of, it in that suit. He could not do this, because he had mistaken his remedy. So, applying to the Superior Court for leave to show that the claim on which the judgment was based had been paid and extinguished before it was rendered, followed by

a refusal of the court to permit this, was not a waiver of his right to bring a writ of review.

Under the statute, the court might grant or refuse such leave in its discretion. Pub. Sts. *c.* 167, § 81. The court, in its discretion, for reasons which we cannot inquire into, refused to allow him to make this defence. He was thus deprived of the right to try the question of the validity of the judgment. His doings in that action and in this are not inconsistent. On the contrary, they are all consistent parts of an attempt to show the invalidity of, and to reverse, a judgment obtained in his absence, and without his knowledge. They show that he persistently insisted upon his rights, and not that he waived them.

*Judgment reversed.**

*G. Putnam & C. Reno,* for the plaintiff in error.

*R. D. Smith & M. M. Weston,* for the defendants in error.

---

* A similar decision was made on the same day, in Suffolk, in the case of

GILMAN L. MARTIN *vs.* THOMAS KITTREDGE.

WRIT OF ERROR to reverse a judgment rendered in the Superior Court, in favor of the defendant in error in an action brought by him upon a promissory note against the plaintiff in error. It appeared from the record that the defendant in that action was a resident in another State; that he was not served with process; that the only notice was by publication in a newspaper, and he did not appear; that one Rhodes was summoned as trustee, but did not appear and filed no answer; and that the defendant and the trustee were defaulted, and judgment was entered against the defendant on his default.

*W. I. Badger,* for the plaintiff in error.

*C. Cowley,* for the defendant in error, contended, among other things, that the plaintiff in error had waived any right to bring a writ of error by appearing in defence of the action on the original judgment, reported 141 Mass. 410.

MORTON, C. J. This case is decided by *Eliot* v. *McCormick, ante,* 10.

The fact that a suit has been brought upon the original judgment is, as was held in that case, immaterial. If that suit has not gone to judgment in the Superior Court, then judgment therein will be arrested; if it has, the same result can be reached by a writ of *audita querela. Foss* v. *Witham,* 9 Allen, 572. *Judgment reversed.*