WILLIAM J. LOWRIE *vs.* JAMES B. CASTLE & others.

Suffolk.    January 10, 13, 1908. — February 29, 1908.

Present: KNOWLTON, C. J., HAMMOND, LORING, & SHELDON, JJ.

*Practice, Civil,* Service of process, Motion to dismiss, Continuance, *Amicus curiae. Superior Court. Jurisdiction. Rules of Court. Waiver.*

In an action of contract or tort against two defendants described in the writ as copartners, one being alleged therein to be a resident of this Commonwealth and the other a non-resident, there was no attachment of property, and the return of the officer as to service upon the non-resident was that he delivered summonses to the resident defendant "as agent," and "as copartner," of the non-resident defendant. The non-resident defendant moved that the action be dismissed as to him. *Held,* that the action should be dismissed as to the non-resident defendant for want of service upon him.

Where no personal service has been made upon a non-resident defendant and he has no attachable property within the Commonwealth, the provisions of R. L. c. 170, § 6, requiring a continuance for further service of an action against a non-resident in certain cases where there has been a lack of service or defective service upon such defendant, do not require the continuance of the case in order that further service not effectual to give jurisdiction should be made upon him.

Where, in an action of contract or tort in the Superior Court against a non-resident defendant in which there was no attachment of property and in which the officer's return stated that, the defendant being a non-resident and the officer not knowing his whereabouts, he served upon a certain person "as agent," and upon another "as copartner" of the defendant, and the defendant within ten days after the return day of the writ applied to the court for an extension of the time within which he should appear in order that he might decide whether to waive the lack of proper service and voluntarily appear or to insist upon his rights as a non-resident, it is within the inherent power of the court to grant the extension, and therefore a motion to dismiss, which was filed within the time stated by the court in allowing the extension, but after the ten days within which an appearance and motion to dismiss should have been filed under R. L. c. 173, § 54, and Rule 9 of the Common Law Rules of the Superior Court, properly was considered and allowed.

In an action of contract or tort against a non-resident in which there was no attachment of property and in which, upon the officer's return, there appeared to be no proper service upon the defendant, an attorney at law filed an affidavit stating that he had been requested by the defendant "to safeguard his interests in the action," and requested an extension of the time within which an appearance must be filed in order that he might procure sufficient information

to decide what were the proper steps to take for adequate protection of the defendant; and an order was made accordingly. Subsequent extensions of time for appearing also were made for similar reasons advanced by the same attorney and another associated with him, both of them acting in the same capacity as had the single attorney, and finally a motion to dismiss because of lack of proper service was filed on behalf of the defendant by the attorney and his associate, who stated that they appeared for the purpose only of the motion. Later the officer who served the writ moved to amend his return, and, at a hearing on that motion, the associate of the first attorney, acting as *amicus curiae* with the consent of the judge, suggested an addition to the proposed amendment to conform to the truth and, at a subsequent hearing on the motion, the same attorney, acting again as *amicus curiae* with the consent of the judge, suggested that the defendant's motion to dismiss and the officer's motion to amend his return be heard together. The latter suggestion was adopted and both the officer's motion to amend his return and the defendant's motion to dismiss were allowed. *Held*, that there had been no waiver by the defendant of lack of service upon him.

CONTRACT OR TORT. Writ in the Superior Court for the County of Suffolk, dated June 26, 1906.

The description of the defendants in the writ was as follows : " James B. Castle and William R. Castle, both of Boston in said County of Suffolk and Mary Castle, George P. Castle, Mary Castle Williams, Harriet Castle Coleman, Caroline Castle Westerveldt, Helen Castle Meade and Mabel Wing Castle all of Honolulu in the Territory of Hawaii, Co-partners doing business under the firm name of S. N. Castle Estate, and said James B. Castle and said William R. Castle and Henry P. Baldwin of the Island of Maui of the Territory of Hawaii."

The officer's return of service was as follows : " Suffolk, ss. Boston, June 26th, 1906. By virtue of this writ I this day attached a chip as the property of the within named defendants James B. Castle, William R. Castle, Mary Castle, George P. Castle, Mary Castle Williams, Harriet Castle Coleman, Caroline Castle Westerveldt, Helen Castle Meade, Mabel Wing Castle Co-partners doing business under the firm name of S. N. Castle Estate, and James B. Castle, and William R. Castle, and Henry P. Baldwin and afterwards on the same day I summoned said defendants each and all to appear and answer at Court as within directed by delivering in hand and leaving with said James B. Castle for himself, and by delivering in hand and leaving with said James B. Castle as agent for each of the following within named defendants, Mary Castle, George P. Castle, Mary Castle Williams, Harriet Castle Coleman, Caroline Castle Westerveldt,

Helen Castle Meade, Mabel Wing Castle and Henry P. Baldwin, a summons of this writ, for each and by delivering in hand and leaving with said William R. Castle for himself and by delivering in hand and leaving with said William R. Castle as co-partner with each of the following within named defendants James B. Castle, Mary Castle, George P. Castle, Mary Castle Williams, Harriet Castle Coleman, Caroline Castle Westerveldt, Helen Castle Meade and Mabel Wing Castle, a summons of this writ for each.    Joseph P. Silsby, Deputy Sheriff."

The writ was returnable on the first Monday of August.    On August 10, the following writing, signed and sworn to by William R. Sears, Esquire, was filed with the papers in the case:

"Suggestion by William R. Sears.<br>
"In Limine.

"Respectfully represents William R. Sears that he is an Attorney-at-Law, a member of the Suffolk Bar, and a member of the firm of Whipple, Sears and Ogden, consisting of Sherman L. Whipple, Hugh W. Ogden and himself, the said Sears, all members of said Suffolk Bar, and practising lawyers in the city of Boston; that said firm have been requested by the persons named as defendants in the above suit to safeguard their respective interests in said suit and to take or refrain from taking such steps therein by way of special appearance, motion to dismiss, plea in abatement, demurrer, plea or answer to the merits, as may secure the dismissal of said suit against them or, to enable said defendants or any of them, if necessary, to make proper defence thereto.

"Your petitioner is informed and believes and therefore alleges that all of the defendants are residents of the Territory of Hawaii, and that none of them are now in the United States proper, so-called; that your petitioner and the said firm of which he is a member have not sufficient information regarding the bringing of said action, the alleged cause of action of the plaintiff and the facts relating to the defence thereof, to be able to decide what proper steps should be taken in said cause for the proper and adequate protection of said defendants and what appearances, if any, should be filed, and what pleadings should be made.

" Your petitioner is now corresponding with said defendants and their representatives, but a number of weeks will probably elapse before he and his said firm will have sufficient knowledge so as to act intelligently in the matter with regard to the due and proper protection of said defendants.

" Wherefore your petitioner moves this Honorable Court that an order may be made in said cause extending for the period of three months from the ninth day of August, 1906, the time within which said persons named as defendants in said action, and each of them severally may appear specially or generally, as each may desire."

On August 14, 1906, Mr. Sears appeared before *Lawton*, J., in support of the above application, stating that he did so individually and not as counsel, and asked that on his own personal suggestion the time for entering an appearance be extended, and an order was made, to which the plaintiff took no exception, extending the time for appearance to October 15.

A like order, to which the plaintiff took no exception, was made at the request of Mr. Sears on October 10, by *Fox*, J., extending the time for appearance to December 1, 1906, Mr. Sears again stating to the judge that he appeared in his own behalf on his personal suggestion. He was supported in his request by Alfred Hemenway, Esquire.

Stating to the judge that he was acting in the same capacity as before, Mr. Sears made an application for a further extension of time for appearing on November 26, supported by Mr. Hemenway. The application was denied as to James B. Castle and William R. Castle, and the time for appearance was extended as to the other defendants to January 1, 1907. The plaintiff took no exception to the order.

The firms of Whipple, Sears and Ogden, of which firm Mr. Sears was a member, and of Long and Hemenway, of which Mr. Hemenway was a member, thereupon entered appearances and filed demurrers and answers for James B. and William R. Castle. On November 30, 1906, the same firms filed, for each of the other defendants except Mary Castle Williams, the following motion :

" And now comes . . . named as defendant in the above cause, appearing specially for this purpose and no other, and

moves the court to dismiss said action as against him, for want of proper service.

"By his attorneys for the purpose only of filing this motion,

"Long and Hemenway,

Whipple, Sears and Ogden."

On December 20, 1906, the same counsel filed a similar motion on behalf of Mary Tenney Hitchcock, "if she is the person intended to be described under the description 'Mary Castle Williams' in the writ in the above action, and if said description is sufficient in law."

On December 24, 1906, the officer who served the writ filed a motion to amend his return by adding at the end of it the following:

"The said defendants Mary Castle, George P. Castle, Mary Castle Williams, Harriet Castle Coleman, Caroline Castle Westerveldt, Helen Castle Meade, Mabel Wing Castle and Henry P. Baldwin not being inhabitants of or residents in this Commonwealth, and not finding either of them within my precinct and they not having any last and usual place of abode in this Commonwealth known to me as such and within my precinct, I could make no other service upon them."

On December 28, 1906, the matter of the allowance of the motion of the officer to amend his return came on for hearing before *Schofield*, J., and, at the suggestion of Mr. Hemenway, who stated that he acted as *amicus curiae*, to which the judge assented, and against the objection of the plaintiff, the motion was taken up in connection with the various defendants' motions to dismiss the action. Nothing was said by Mr. Hemenway or by Mr. Sears with reference to the matter of the motion to amend the return, and they both stated that they had absolutely no authority to appear generally for the defendants who were making motions to dismiss.

The plaintiff suggested to the judge that, in accordance with the terms of R. L. c. 170, § 6, the action be continued until notice of it was given in such manner as the judge should order.

The plaintiff's counsel contended that the motions to dismiss the action should be overruled. Mr. Hemenway and Mr. Sears contended that the motions should be sustained. The plaintiff's

counsel requested the judge to find as a fact that the defendants who had filed motions to dismiss had waived all objections to the service of the writ, if any ever existed, and Mr. Hemenway and Mr. Sears requested him to find as a fact that the defendants had not waived any rights.

The judge declined to find as a fact that the defendants who had filed motions to dismiss had waived any defect or insufficiency in the service of process, and also declined to find as a fact that the defendants had not waived their objections to the service of process, granted the officer's motion to amend his return and also the motions that the action be dismissed as to all defendants except those who personally had been served upon by the officer ; and the plaintiff alleged exceptions to and also appealed from this order.

*C. Reno,* (*J. W. McDonald* with him,) for the plaintiff.

*A. Hemenway,* (*W. R. Sears* with him,) for certain of the defendants.

HAMMOND, J.    This case is before us both by appeal and by exceptions of the plaintiff, each relating to an order of the Superior Court dismissing the action against certain non-resident defendants.

1.    The first question is whether the service appears to have been sufficient.    No property was attached.    And the only service upon these defendants was by delivering a summons for each of them to James B. Castle as agent and also to William R. Castle as copartner.    The service upon James " as agent " was not sufficient as a service upon them.    The case is not distinguishable from *Kimball* v. *Sweet,* 168 Mass. 105.    The service upon William as copartner was equally bad.    *Phelps* v. *Brewer,* 9 Cush. 390.    *D'Arcy* v. *Ketchum,* 11 How. 165.    The cases of *Moors* v. *Ladenburg,* 178 Mass. 272, and *Harriman* v. *Reading & Lowell Street Railway,* 173 Mass. 28, upon which the plaintiff somewhat relies, are clearly distinguishable.

2.    The next question is whether the court should have held the case for further service.    It is argued by the plaintiff that even if the service was insufficient as a basis for a judgment, yet that it was sufficient to bring the case within R. L. c. 170, § 6, which provides for further service in certain cases, and hence that the dismissal of the action within a month after the filing

of the motions to dismiss was premature and erroneous. That statute reads as follows: "If a defendant is absent from the Commonwealth or his residence is not known to the officer serving a writ, and no personal service has been made on him, or if the service of a writ is defective or insufficient by reason of a mistake of the plaintiff or officer as to where or with whom the summons or copy ought to have been left, the court, upon suggestion thereof by the plaintiff, shall order the action to be continued until notice of the action is given in such manner as it may order. But if the property of an absent defendant has been attached and the residence of such defendant is known to the plaintiff and no legal service can be made upon him within this Commonwealth, except by publication, the court may order personal service to be made on him in such manner as it may order and, upon proof that service has been made as ordered, such defendant shall be held to answer to the action and no further service shall be necessary. If in any case the defendant does not appear, the court may in its discretion order the action to be continued and further notice given to him in such manner as it may order."

Formerly, to the general rule that no action could be maintained against a person who at the time of the service of the summons was out of the State, there were two exceptions, — the one where he had "been before that time an inhabitant of the State," and the other where there had been an effectual attachment of his property. Rev. Sts. c. 90, § 44. Gen. Sts. c. 126, § 1. Pub. Sts. c. 164, § 1. And it was held that a general judgment might be entered against a non-resident provided he had once been a resident. *Graves* v. *Cushman,* 131 Mass. 359, and cases cited. In speaking of these exceptions as set forth in Gen. Sts. c. 126, § 1, and the statutes for giving notice by publication and otherwise to a non-resident who before had been an inhabitant, Gray, J., says: "The object of these provisions is to enable a plaintiff, having a claim against an absent defendant who has once been an inhabitant of this State, to obtain, after taking all reasonable precautions for notifying him of the suit and for securing his rights, a judgment which may be enforced against his property here, and against his person if he returns within the jurisdiction, although a judgment so obtained may

not be allowed any force in other States." *Graves* v. *Cushman*, 131 Mass. 359 at p. 362. This case was decided in 1881. In *Eliot* v. *McCormick*, 144 Mass. 10 (decided in 1887), however, it was held that under the Fourteenth Amendment to the Federal Constitution a judgment *in personam* against a person who is not a resident of the State, who does not appear in the action, and who is not served personally with process within the State, is invalid. But when property is attached, the case may proceed to judgment so far as to apply the property to the debt. However, if there is no appearance and no personal service upon him, a judgment rendered against him personally is void, and no suit can be maintained on such judgment either in the same or in any other court. See *Pennoyer* v. *Neff*, 95 U. S. 714; *Freeman* v. *Alderson*, 119 U. S. 185. In giving the opinion in *Eliot* v. *McCormick*, 144 Mass. 10, 12, Morton, C. J., in speaking of these last two cases says: "These decisions modify the application and effect of our statutes, and overrule the adjudications of this court, so far as they hold that a judgment *in personam* can be rendered against a non-resident defendant without any other service than attaching his property, or leaving a summons at his last and usual place of abode within the State, followed by such publication of notice as is ordered by the court." Pub. Sts. c. 164, § 1, has been changed in R. L. c. 170, § 1, to conform to the law as thus laid down.

There being no attachment of property in this case, the action cannot be maintained against these non-residents unless they have been served with process in this State, or unless they appear. The provisions of R. L. c. 170, § 6, cannot be held in cases where there is no attachment to apply to cases where the court is unable to give a notice by publication or otherwise such as will give the court jurisdiction. It is not to be supposed that the section was intended to compel the court to continue for further service a case where it is not within the power of the court to issue any notice upon which it can obtain jurisdiction of the parties or proceed to any valid judgment, or in other words where it is not in the power of the court to issue any further service which shall be operative.

3. It is contended by the plaintiff that the motions to dismiss were not seasonably filed. In support of this contention he

argues that unless otherwise specially ordered by the court a motion to dismiss must be filed within the time allowed by law for entering an appearance, that is, within ten days from the return day of the writ. R. L. c. 173, § 54. Rule 9 of the Superior Court. Inasmuch as these motions were not filed within that time, the decision of this branch of the case turns on the validity of the orders. The plaintiff urges that the Superior Court had no power to pass the orders granting further time for entering an appearance. A short answer to the plaintiff's contention would seem to be that he neither excepted to nor appealed from the orders, and consequently their validity cannot now be questioned by him. Whether right or wrong they must stand as the rule of the case. But a more satisfactory answer perhaps is that the court had the power to pass the orders. Even if, as the plaintiff contends, the case is not within R. L. c. 173, § 54, still there can be no doubt of the power of the court under the circumstances of this case to pass these orders. It is to be borne in mind that this is not a case where a defendant, upon whom process has been duly served and who therefore is within the jurisdiction of the court and liable to default if he does not seasonably appear, asks for delay. It is a case where a non-resident defendant who for lack of service upon him is not within the jurisdiction and cannot be brought within it, fearing lest the court may regard the service sufficient and default him, comes into court and says in substance that he is in doubt whether to waive proper service and voluntarily appear, or to insist upon his rights as a non-resident, and asks for time to decide. Certainly it is a part of the inherent power in a court to set a time within which the non-resident must make up his mind and act accordingly. And that was all the court did. The motions for dismissal were properly before the court.

4. The plaintiff further contends that by applying for and obtaining an extension of time for appearing, and by suggesting that the officer's return be amended, the defendants waived all objection to the service of process upon them. This position is untenable. And this is so even if the acts of Mr. Sears who, as a lawyer, had been requested by the non-resident persons named as defendants in the suit "to safeguard their respective interests in said suit," are to be taken as the personal acts of the clients.

He did no act inconsistent with the motions to dismiss. In the matter of the amendment of the officer's return, Mr. Hemenway appeared as *amicus curiae* with the consent of the court, and made a suggestion that in case the officer was allowed to amend his return he should add certain words which the officer had not asked to add, in order to comply with the truth. Although at the suggestion of Mr. Hemenway, acting again as *amicus curiae* with the consent of the judge and against the objection of the plaintiff, the court heard the matter of the allowance of the amendment of the officer's return at the same time with the hearing on the motions to dismiss, yet nothing was said either by Mr. Hemenway or by Mr. Sears in reference to the matter of the proposed amendment, and they both stated that they had absolutely no authority to appear generally for these non-resident defendants. In all this we see no waiver. It is all perfectly consistent with the position taken in the motions to dismiss. The defendants had abandoned no outpost.

*Exceptions overruled; judgment affirmed.*