### F. E. Taplin *vs.* William C. Atwater.

Suffolk.    February 1, 1937. — May 25, 1937.

Present: Rugg, C.J., Pierce, Field, Lummus, & Qua, JJ.

*Jurisdiction*, Of parties, Nonresident defendant. *Practice, Civil*, Service of process, Writ. *Constitutional Law*, Due process of law.

In an action against a nonresident commenced by trustee writ not served on the defendant, service on him in hand within the Commonwealth of an order of notice issued under G. L. (Ter. Ed.) c. 227, § 7, made him a party to the action generally, and would support a personal judgment against him, without violation of the constitutional requirements of due process of law.

An order of notice to a nonresident defendant under G. L. (Ter. Ed.) c. 227, § 7, issued in an action already commenced by an original

trustee writ and served on him in hand within the Commonwealth, was "process" within the meaning of § 1 of that chapter; but it was not a "writ" and the requirements of seal and teste prescribed in Part II, c. 6, art. 5 of the Constitution of the Commonwealth and by G. L. (Ter. Ed.) c. 223, § 16, did not apply.

CONTRACT. Writ in the Superior Court dated August 4, 1932.

Motions by the defendant described in the opinion were denied by *Gray*, J., who reported his action thereon for determination by this court.

*J. M. Raymond*, (*C. C. Bucknam* with him,) for the defendant.

*J. DeCourcy*, for the plaintiff.

QUA, J. This is an action of contract by a resident of Ohio against a resident of New York. Two corporations doing business in this Commonwealth were summoned as trustees. One of the alleged trustees answered "no funds" and the other set forth facts upon which it was subsequently discharged by the court. No service of the trustee writ was made upon the defendant. He appeared specially, however, for the purpose of protecting any interest he might have in any credits in the hands of the trustee which has now been discharged. *Cheshire National Bank* v. *Jaynes*, 224 Mass. 14. On motion of the plaintiff the court entered an order directing the plaintiff to give notice to the defendant of the pendency of the action by serving him with a true and attested copy of the order "that he may . . . show cause why judgment in the above-entitled action should not be rendered against him." A deputy sheriff served this order upon the defendant by copy in hand within this Commonwealth. The defendant, again appearing specially, moved to quash the order of notice and later, after the discharge of the trustee, moved that the action be dismissed for want of jurisdiction. Both motions were denied. The primary and decisive question is whether, by the means adopted, the nonresident defendant has been made a party to the action, not merely for the purpose of protecting any credits which might have been held by the trustee attachments, but generally, so that a binding personal judgment can be rendered against him.

As we view the case, the issue is entirely one of local law. There has been no violation of the rule of *Pennoyer* v. *Neff*, 95 U. S. 714, or of the constitutional requirements of due process of law. Notice has been served upon the defendant in person within this Commonwealth which gave him all the information and all the time needed to enable him to appear and to defend the action and which warned him to appear and show cause why judgment should not be rendered against him. This Commonwealth has undoubted power to provide for notice of actions against nonresidents found within its borders in such manner as it may see fit and to render personal judgments against them based thereon, "provided only that the method employed 'gives reasonable notice and affords fair opportunity to be heard before the issues are determined.'" *Chisholm* v. *Gilmer*, 299 U. S. 99, 102. Am. Law Inst. Restatement: Conflict of Laws, § 78.

Apparently the notice was intended to be ordered and given in accordance with G. L. (Ter. Ed.) c. 227, § 7. As applied to this case, immediately material portions of that section read: "If a defendant . . . is absent from the commonwealth . . . and no personal service has been made on him . . . the court, upon suggestion thereof by the plaintiff, shall order the action to be continued until notice of the action is given in such manner as it may order." In our opinion a notice given pursuant to this section is intended in proper cases to do more than to enable the defendant at his option to come in for the sole purpose of defending attached property without incurring further risk. It is intended as a substitute for service of the original writ for all purposes where it can have that effect consistently with the Federal Constitution, with controlling principles of international comity and with other statutes of the Commonwealth. That the original enactments which have since been gathered together into this section were designed to go at least as far as that seems reasonably clear from an examination of their language. Thus by St. 1828, c. 114, service upon a nonresident according to the order of the court "shall be

deemed and taken to be sufficient notice to the defendant of such suit, and sufficient service of such writ," and the judgment rendered thereon "shall be valid and effectual, to all intents and purposes, as if personal service had been made on the defendant, by a proper officer of this Commonwealth." See also Rev. Sts. c. 90, § 53, and c. 92, § 3; Gen. Sts. c. 126, §§ 6, 7; Pub. Sts. c. 164, §§ 6, 7; St. 1894, c. 384; R. L. c. 170, § 6. Although the words quoted above have disappeared in the process of revision, there is nothing to show that any weakening of the effect of the notice was intended, and nowhere in these statutes or in the order of notice in this case are there any words indicating that the notice was designed solely for the limited purpose of enabling the defendant to protect his property. Until the decisions in *Pennoyer* v. *Neff*, 95 U. S. 714, and in *Eliot* v. *McCormick*, 144 Mass. 10, it seems to have been generally supposed that the notice gave the court jurisdiction to render a binding personal judgment against a nonresident defendant where no other statute forbade that result. *Morrison* v. *Underwood*, 5 Cush. 52. *Thayer* v. *Tyler*, 10 Gray, 164. *Peabody* v. *Hamilton*, 106 Mass. 217, 222. *Graves* v. *Cushman*, 131 Mass. 359. *Eliot* v. *McCormick*, 144 Mass. 10. *Lowrie* v. *Castle*, 198 Mass. 82, 87. The cases of *Pennoyer* v. *Neff*, 95 U. S. 714, and *Eliot* v. *McCormick*, 144 Mass. 10, established that such a notice served out of the Commonwealth or served only by publication cannot have that effect, but there is no reason why a notice served personally within the Commonwealth may not still have full force according to the original intent of the statutes.

G. L. (Ter. Ed.) c. 227, § 1, does not help the defendant. That section provides that "A personal action shall not be maintained against a person not an inhabitant of the commonwealth unless he . . . has been served with process in the commonwealth . . . ." The requirement as to service with process in the Commonwealth was first introduced in R. L. c. 170, § 1, when the wording was redrafted so that our statute law should conform to the decisions in *Pennoyer* v. *Neff*, 95 U. S. 714, and in *Eliot* v. *McCormick*, 144 Mass.

10. Report of the Commissioners for Consolidating and Arranging the Public Statutes, Part III, page 1518. The amended section must be construed with that purpose in mind. It was intended to limit the force of preëxisting statutes relative to notice only so far as might be necessary to accomplish that purpose. Here the defendant has been served with process in the Commonwealth. The notice itself was process within the meaning of this section. *Durfee* v. *Durfee*, 293 Mass. 472. *Wilson* v. *St. Louis & San Francisco Railway*, 108 Mo. 588, 599. *Stevens* v. *Associated Mortgage Co.* 107 N. J. Eq. 297. Bouvier's Law Dictionary (3d rev.) "Process." See *Healey* v. *George F. Blake Manuf. Co.* 180 Mass. 270, 273; *Johnson* v. *Carroll*, 272 Mass. 134, 137. The notice was the means prescribed by law under the circumstances for getting the defendant into court for all purposes connected with the action, which had already been duly begun by the original trustee writ. It is provided in substance by G. L. (Ter. Ed.) c. 246, §§ 5, 9, and G. L. (Ter. Ed.) c. 223, §§ 31–34, taken together, that if service of the original writ cannot be made upon a defendant in regular course "no service on him shall be required," with certain exceptions not here material, and that resort is to be had to notice by order of the court. *Packard* v. *Matthews*, 9 Gray, 311.

There is nothing in *Roberts* v. *Anheuser Busch Brewing Association*, 215 Mass. 341, in conflict with what is here decided.

As the order of notice was not a "writ," the requirements of seal and teste prescribed by Part II, c. 6, art. 5 of the Constitution and by G. L. (Ter. Ed.) c. 223, § 16, do not apply.

> *Order denying the defendant's motion to quash order of notice affirmed.*
> *Order denying the defendant's motion to dismiss affirmed.*