**SZABO v. KEESHIN MOTOR EXPRESS CO., Inc., et al.**

**WORTHLEY v. KEESHIN MOTOR EXPRESS CO., Inc., et al.**

Civ. A. No. 26443.

United States District Court
N. D. Ohio, E. D.

April 5, 1950.

See also 9 F.R.D. 492.

A. H. Dudnik, Cleveland, Ohio, H. K. Braun, Cleveland, Ohio, for plaintiffs.

Arthur Zalud, Cleveland, Ohio, for defendants.

JONES, Chief Judge.

These are actions for damages for personal injuries.

The same question is presented in both actions by defendants' motions to dismiss the complaints for lack of jurisdiction of the persons of the individual defendants, to dismiss for insufficiency of service of process and to quash the service of process.

The Keeshin Company is in receivership and two individual trustees have been appointed by a Federal Court in Illinois. The trustees are residents of Illinois and they have not been personally served in either case. Service in both cases was made on Keeshin on November 16, 1949, by leaving a copy of the summons with its statutory agent, D. M. Donley. These summonses were also directed to the two trustees but the return states that service was made on Donley as agent of Keeshin only. Two letters written by the Secretary of State of Ohio, C. F. Sweeney, have been introduced. One, dated November 22, 1949, states that Donley on November 9, 1949, was appointed statutory agent in accordance with Ohio law for the service of summons on the trustees. The other dated December 15, 1949, states that the State office has no record of such appointment.

Since the facts are identical, the following discussion will apply equally to both actions.

Proper service was made upon the trustees. Rule 4(d) (1), Federal Rules of Civil Procedure, 28 U.S.C.A., provides for service upon an agent authorized by appointment to receive service of process. "By appointment" means an actual appointment by the defendant, and, if such has been made, service upon the agent gives the court jurisdiction. It is necessary, how-

ever, to prove that the agency existed. Statler v. Babcock, D.C., 7 F.R.D. 57. Proof of this agency is admittedly sketchy but there is at least some evidence that at the time the agent of Keeshin was served that that agent was also authorized to receive service of process for the trustees. I think it fair to conclude that the agency was revoked at some time but there is no showing by the defendants which would indicate that Donley was not the trustees' agent when service was made. It also may be true that Donley was appointed agent under a mistaken belief that Ohio law required such appointment. Whether or not it does is unimportant for the fact remains that an authorized agent was served with process.

 Secondly, the case of O'Leary v. Loftin, D.C., 3 F.R.D. 36, furnishes support for the rule that trustees of a corporation undergoing reorganization can be served by service on an agent of the corporation in districts where the corporation is doing business. Such a result would seem just. If, as defendants contend, the trustees are necessary parties and can be made defendants only by personal service, a plaintiff regardless of where he resided in most cases would have to bring his action against the corporation in a district where the trustees resided. This would be so in spite of the fact that the defendant corporation which is the only "person" liable in the action ordinarily could be sued in any district where it does business. 28 U.S.C.A. § 1391(c). Plaintiff also would be prevented from suing in his home district even if the corporation did business there. The only way to prevent such results when a corporation is undergoing reorganization is to hold that the trustees can be served by leaving a copy of the summons which is addressed to them with any statutory agent of the corporation.

Defendant also makes a point of the failure of the Marshal to mention in his return of service that service was made on Donley as agent for the trustees. Under either of the views expressed above,

proper service was made on the trustees and the return is defective insofar as it does not show service on the trustees. Failure of proof of service does not affect the validity of the service, Peoples v. Ramspacher, D.C., 29 F.Supp. 632, and in this action valid service has been made.

The motions in both actions must be overruled.