**Stella IMPOCO**

v.

**Achille LAURO.**

**Civ. A. No. 54–329.**

United States District Court
D. Massachusetts.

Jan. 5, 1955.

---

Harry Kisloff, Boston, Mass., for plaintiff.

Thomas H. Walsh, Boston, Mass., for defendant.

FORD, District Judge.

This is an action to recover for personal injuries alleged to have been suffered by plaintiff while a passenger on the S. S. Roma, owned and operated by defendant who is alleged to be a citizen and resident of Italy. Defendant moves to quash service of process.

Service in this action was made on one John M. Casserly, manager of the Boston office of Home Lines Agency, Inc., a New York corporation engaged in the operation of steamships. In April of 1953, as appears from the affidavit of Casserly, this Boston office was empowered to sell tickets for passage on the S. S. Roma. Its activities in relation to Lauro are confined to selling tickets for passage on this particular vessel. This activity was apparently still continuing at the time of the making of the affidavit, which is undated but was filed on December 6, 1954. Proceeds from the sale of these tickets are forwarded to the New York office of Home Lines Agency, Inc.

The ticket for the passage on which plaintiff was injured was purchased from the Home Lines Agency, Inc., at its Boston office. A blank ticket form prepared by Home Lines was used, on which was stamped, "This contract is made by Achille Lauro-Armatore (Flotta Lauro) whose name is deemed substituted for Home Lines, Inc., wherever the latter name appears herein." Casserly says such tickets were used temporarily and that regular "Lauro tickets" are now used.

**524**

Rule 4(d) (1) of the Federal Rules of Civil Procedure, 28 U.S.C.A., governing service upon an individual, so far as here pertinent, provides for service " *. * * by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process." Rule 4(d) (7) also provides for service of process on an individual in the manner prescribed by the law of the state in which the service is made.

■ In this case, the defendant has never appointed Home Lines Agency, Inc., or Casserly, as its agent for service of process. An actual appointment as such agent is necessary. Szabo v. Keeshin Motor Express Co., D.C., 10 F.R.D. 275; 2 Moore's Federal Practice, ¶4.12, page 931. There is no federal law which makes Home Lines Agency, Inc., or Casserly an agent for service of process.

■ As to service under Massachusetts law, Mass. G.L. Ch. 227, § 1, provides: "A personal action shall not be maintained against a person not an inhabitant of the commonwealth unless he or his agent appointed under section five or five A has been served with process in the commonwealth * * *." Under § 5 certain non-residents having a place of business in Massachusetts are required to appoint in writing a citizen and resident as agent for service of process. Under § 5A a non-resident doing business in Massachusetts is required to appoint in writing the clerk of each city or town in which he does business as such agent, and further authorizes service on such city or town clerk where a non-resident doing business in the commonwealth fails to make the required appointment. It does not appear that defendant has ever made any appointment under these sections, and the only person under Massachusetts law who would be authorized to receive service of process on behalf of defendant would be a city or town clerk under § 5A. There is no provision in Massachusetts law for service on an agent in charge of the business of a non-resident individual, though there is such a provision with respect to foreign corporations. See Mass. G.L. Ch. 223, §§ 37, 38. The attempted service on Casserly was not an effective service under Rule 4 and should be quashed.

Defendant's motion to quash service is allowed.