Stella IMPOCO

v.

Achille LAURO.

Civ. A. No. 54–329.

United States District Court,
D. Massachusetts.

March 15, 1955.

Harry Kisloff, Boston, Mass., for plaintiff.

Thomas H. Walsh, Boston, Mass., for defendant.

FORD, District Judge.

Following a memorandum of decision handed down by this court on January 5, 1955, 16 F.R.D. 522, plaintiff caused a new complaint against this defendant to be served upon Walter J. Malloy, Clerk of the City of Boston, on January 12, 1955, under the provisions of Mass.G.L.(Ter. Ed.)Ch. 227, §§ 5 and 5A, St.1949, c. 612, § 2. Service was made by the United States Marshal and returned into court. Following this return of service, the defendant again specially appeared and moved to strike this new service of process, whereupon plaintiff moved for a hearing on the issue and for an order of notice pursuant to the provisions of Mass.G.L.Ch. 227, § 7.

Service of city clerk under Ch. 227, § 5A is ineffective. No actual appointment of the city clerk as agent has been made. The designation by statute of the clerk as agent is invalid, since the statute makes no provisions for notice to defendant. Cf. Mulhern v. Gerold, D.C., 116 F. Supp. 22. Motion to strike service of process is allowed.

Ch. 227, § 7 has been interpreted to mean that order of notice could issue in case where defendant was not within the state and had never been a resident of the state. Cases so holding, e. g., Thayer v. Tyler, 10 Gray, Mass., 164, were decided prior to Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565.

Ch. 227, § 1, St.1949, c. 612, § 1, requires service within the commonwealth on a defendant not an inhabitant. To interpret § 7 so as to apply to the present case would contradict § 1. The language of § 7, "If a defendant * * * *is absent* from the commonwealth" would seem more properly to refer to the case of a resident temporarily outside the state, rather than to one who has never resided

in the state. Cf. Porter v. Prince, 188 Mass. 80, 74 N.E. 256, applying section to defendant temporarily absent.

Eliot v. McCormick, 144 Mass. 10, 10 N.E. 705, recognizes that the original broad interpretation given to § 7 has been restricted by Pennoyer v. Neff, supra. In Lowrie v. Castle, 198 Mass. 82, 83 N.E. 1118, it was held that § 7 should not be applied in a case where no valid service could be made on a nonresident defendant within the commonwealth. In Taplin v. Atwater, 297 Mass. 302, 8 N.E. 2d 786, service of order of notice issued under § 7 was upheld as complying with § 1, where order was actually served on the nonresident within the commonwealth.

Motion for order of notice should be denied. The action is dismissed. Costs.