Rockingham,
No. 4645.

PARSONS & SONS LUMBER CO.

*v.*

JOHN L. SOUTHWICK, JR. & a.

Submitted March 5, 1958.
Decided March 20, 1958.

*Verdi McKay* for the plaintiff, furnished no brief.

*John L. Southwick, Jr., pro se,* for the defendants, furnished no brief.

KENISON, C. J. This is a transitory action (*Emery* v. *Hovey,* 84 N. H. 499) on promissory notes payable in Massachusetts brought by a New York corporation against the defendants, one of whom is a resident of this state, and the other a resident of Massachusetts. A court may acquire jurisdiction over an individual by personal service upon him within the state even though he may be here only temporarily. Restatement, Judgments, *s.* 15, *comment* a. If the individual is personally served with process within the state it is immaterial that he is domiciled elsewhere or that immediately after the service of process he leaves the state. Restatement, Conflict of Laws, *s.* 78. Physical presence within the state is the traditional basis of jurisdiction at common law. Restatement of the Law, Second, Conflict of Laws, *s.* 78, *comment* a (tentative draft No. 3, 1956). "If a citizen of another state is found here, and process is served on him personally, that gives the court jurisdiction." *Libbey* v. *Hodgdon,* 9 N. H. 394, 396. See *Taplin* v. *Atwater,* 297 Mass. 302; *Young* v. *Ross,* 31 N. H. 201. Consequently, cases in which jurisdiction has been denied where the defendant was a nonresident and not served with process within the state are inapplicable. *Wyman* v. *Uphaus,*

100 N. H. 1; *Rosenblum* v. *Company*, 99 N. H. 267, 269; *Nottingham* v. *Company*, 84 N. H. 419.

Since the defendants have no special immunity or privilege exempting them from service of process within the state, the defendants' plea to the jurisdiction was properly overruled. *Pitman* v. *Cunningham*, 100 N. H. 49. The Trial Court properly found that the claim that the action was brought in New Hampshire to harass the defendants was not established by sufficient evidence. There is no occasion for us to consider whether the action should be dismissed under the doctrine of *forum non conveniens*. *Thistle* v. *Halstead*, 95 N. H. 87.

*Exceptions overruled.*

All concurred.