**MROTEK ENTERPRISES, INC.,**
**Appellant,**

**v.**

**Edwin Jason DRYER, Appellee.**

**No. 4600.**

District of Columbia Court of Appeals.

Argued Feb. 17, 1969.

Decided Aug. 26, 1969.

Herman Miller, Washington, D. C., for appellant.

Edwin Jason Dryer, pro se.

Before HOOD, Chief Judge, and FICKLING and GALLAGHER, Associate Judges.

GALLAGHER, Associate Judge:

In July 1964, the lessees under a lease of apartment properties in Virginia assigned their interest to appellant. The original parties to the lease were Alfred and Jeanne Groner as lessees and appellee as lessor. At the time of the assignment, the lease had a little more than a year remaining of its original five-year term. It contained a renewal option for the lessees with a provision for arbitration in the event the parties were unable to agree upon an adjusted rental.

In April 1965, appellant-assignee, a nonresident corporation conducting no business in the District of Columbia, informed appellee of its intention to renew the lease. Discussions were held concerning a rental adjustment and the parties eventually

agreed to a rental increase of approximately 13 percent.

During the rental negotiations, other questions were discussed by the parties, including the responsibility for exterior painting of the properties under the terms of the lease. As a result of the failure to resolve this dispute, appellant later withheld from the rent an amount equal to its expenditures for exterior painting.

Appellee sued both appellant and the Groners (the original lessees)[1] for the amount of the withheld rent. Service was made on appellant through a law firm as the agent for service of process which had been designated irrevocably by the Groners as lessees in the original lease. Upon appellant's failure to answer, a default judgment was rendered against it in February 1967. Appellant appeared specially in November 1967, and moved to quash service and vacate the default judgment on the ground that the service was invalid and the judgment was void. This motion was accompanied by the affidavits of Mrotek, president of appellant, and of a member of the law firm which had been designated for service by the lessees in the original lease. Mrotek's affidavit asserted that neither he nor his company had designated the law firm as agent for service of process in connection with the leased property; and that, in fact, no agent for service had been designated. The attorney's affidavit stated that his firm was representing the lessees in this action and has represented them in the past; that they had never agreed to act as agent for service of assignee Mrotek Enterprises; that the lease agreement did not so provide; and that his firm would be disqualified from such agency due to a conflict of interest. Appellant's motion to quash service and vacate the default judgment was denied, however, by the trial court.

This appeal presents the single issue of whether the lease designation of the agent for service of process by the original lessees was binding upon assignee Mrotek Enterprises, Inc. We hold it was not.

Appellee contends, principally, that since (a) the lease contained the designation of an agent for service, and (b) it also contained a provision that all rights and liabilities of the parties shall bind their successors and assigns, the designation of the agent for service was binding upon assignee Mrotek and the service of process here was effective. Further, says appellee, appellant may not take the benefits under the lease by assignment and ignore its specific duties and liabilities, as it is attempting to do. In support of his position that an assignee is bound by its predecessor's appointment of an agent for service, appellee relies upon Szabo v. Keeshin Motor Express, 10 F.R.D. 275 (N.D. Ohio 1950). There, the court held that trustees of a corporation in receivership were properly served by service on an agent appointed previously by the corporation to accept service on its behalf. In so holding, the court concluded that (a) there was some evidence that the agent had been authorized to receive service of process for the trustees, and (b) in any event, trustees of a corporation undergoing receivership can be reached by service on an agent of the corporation in any district where the corporation is doing business.

Szabo involved the question of whether under Rule 4 (d) (1) of the Federal Rules of Civil Procedure there was service of process on "an agent authorized by appointment" to receive it. The situation there is distinguishable in several respects: (a) there was evidence of a specific appointment of the agent to receive service for the trustees; (b) unlike here, it presented no problem involving obligations stemming from a covenant in a lease; and (c) a trustee of a corporation in receivership stands on different footing than a successor in interest under a lease.

A leasehold creates two relations between the parties, privity of contract and

privity of estate. When a lessee assigns his interest to a third party, the privity of estate with the lessor is broken, though the privity of contract remains, and there is created a new privity of estate between the lessor and assignee. The lessor has a right of action against the assignee for breach of any covenant in a lease which runs with the land, for example, a covenant to pay rent.[2] The question here is whether the covenant by the lessees (as covenantors) designating their law firm for service of process ran with the land upon assignment of their lease or was merely collateral to the estate assigned and therefore a personal covenant. If a covenant does not touch or concern the property or its use, it does not run with the land, Neponsit Property Owners' Ass'n v. Emigrant Industrial Savings Bank, 278 N.Y. 248, 15 N.E.2d 793, 118 A.L.R. 973 (1938).

See also Spencers Case, 5 Coke 16a, 77 Eng. Reprint 72, and it binds only the covenantor and not his assignee, Whalen v. Baltimore & O. R. R., 108 Md. 11, 19–20, 69 A. 390, 393, 17 L.R.A.,N.S., 130 (1908); 20 Am.Jur.2d Covenants § 36 (1965).

 A covenant for the appointment of an agent for service of process is peculiarly personal to the covenantor and has no actual connection with the real property leased nor with its use. It pertains merely to enforcement of the lessor's interest in the event of litigation. Comparable enforcement provisions have been held to be personal covenants and not binding upon successors in interest. *See, e. g.,* Hogsett v. Lutrario, 140 Pa.Super. 419, 13 A.2d 902 (1940) (warrant of attorney to confess judgment); Latses v. Nick Floor, Inc., 99 Utah 214, 104 P.2d 619 (1940) (costs and attorney's fees). This being a personal covenant, appellant was not bound by the agency designation contained in the lease.

This leaves whether appellant affirmatively ratified the agency at some time.

The record contains communications between appellant and appellee after the assignment but they refer only to negotiations concerning an adjusted rental upon renewal of the lease, insurance provisions, painting of the premises, and the like. There is no showing of a ratification of the agency for service of process. In fact, there is a showing to the contrary in the affidavits of the attorney and appellant's president related earlier.

We conclude there was no valid appointment of an agent for service of process pursuant to Rule 4(c) (1) of the trial court and no valid service upon appellant was effected. The default judgment rendered by the trial court is therefore void. Schwarz v. Thomas, 95 U.S.App.D.C. 365, 222 F.2d 305 (1955).

Reversed with directions to vacate the default judgment.

---

2. 32 Am.Jur. Landlord & Tenant § 318 (1941).