## ARGUED AND DETERMINED

### IN THE

# SUPREME JUDICIAL COURT

### OF

# MASSACHUSETTS.

---

BENJAMIN JOHNSON *vs.* E. FREDERICK CARR.

Norfolk.    March 27, 28, 1911. — September 6, 1911.

Present: KNOWLTON, C. J., MORTON, HAMMOND, BRALEY, & RUGG, JJ.

*Practice, Civil,* Service on non-residents and absent defendants, Motion to dismiss, Abatement. *Attachment,* Of real estate of absent or non-resident defendant. *Judgment,* Special.

A writ in an action of contract described the defendant as of a certain city in a certain county in this Commonwealth. The officer's return stated that he had attached all the right, title and interest of the defendant in and to real estate in the county aforesaid, that he had made diligent search for the defendant "and for his last and usual place of abode, tenant, agent and attorney, but have been unable to find either within my precinct and could make no service of this writ upon him." *Held,* that this was not a return that the defendant had no last and usual place of abode within the precinct of the officer but only that no such abode was known to the officer, and therefore that it did not show that the defendant was a non-resident, within the meaning of R. L. c. 170, § 5, requiring, that, where real property of a non-resident is attached and no personal service is made upon the defendant, notice shall be given within one year after the entry of the action, as distinguished from a defendant merely absent from the Commonwealth, in whose case under the provisions of § 6 of the same chapter the matter of notice is discretionary with the court.

Although, upon a motion to dismiss, only the record before the court is considered, in the present case, on account of the assumption of the parties in the argument, "the record" was treated as including besides the record of the case itself the record of certain material proceedings in the Probate Court which had been before the court to which the motion to dismiss was addressed.

A decree of the Probate Court under R. L. c. 144, appointing a receiver of the property of a certain person on the ground that such person had disappeared from the Commonwealth and that his whereabouts were unknown, does not

show necessarily that the absentee has become a non-resident of the Commonwealth within the meaning of R. L. c. 170, § 5, requiring in an action in which real property of such non-resident is attached and no personal service is made upon the defendant that notice shall be given within one year after the entry of the action, and such absentee may be a defendant merely absent from the Commonwealth, in which case under the provisions of § 6 of the same chapter the matter of notice is discretionary with the court.

Under the provision of R. L. c. 170, § 5, that, "if real property of a non-resident is attached and no personal service is made upon the defendant, the action shall be dismissed unless notice thereof is given in such manner as the court orders within one year after the entry of the action," the failure to give such notice is matter of abatement and must be pleaded in abatement and not in bar.

Under the provision of R. L. c. 170, § 5, that, "if real property of a non-resident is attached and no personal service is made upon the defendant, the action shall be dismissed unless notice thereof is given in such manner as the court orders within one year after the entry of the action," the denial of a motion to dismiss such an action for want of such notice on the ground that it did not appear by the record that the defendant was a non-resident, being a decision made on the facts appearing of record, is not conclusive upon the parties as to the actual facts, and does not prevent the defendant from pleading in abatement the failure of the plaintiff to give the notice and the fact that the defendant was a non-resident and from proving that fact.

Where, in an action of contract, real estate of a non-resident defendant was attached and no personal service was made on the defendant, and, although no notice was given within one year as required by R. L. c. 170, § 5, the defendant, appearing specially by the receiver of his property appointed under R. L. c. 144, waived this defense by answering in bar without pleading it in abatement and it was held that the plaintiff was entitled to judgment, this court refrained from intimating whether the judgment should be general or whether it should be special, affecting only the property attached, leaving that question to be dealt with if it should arise at a later stage of the case.

CONTRACT, with two counts, the first on a promissory note for $300 dated January 1, 1895, and payable four months after date, and the second on an account annexed for the price of merchandise sold and delivered up to February 25, 1895, amounting to $91.36. Writ in the District Court of East Norfolk dated March 19, 1903.

On appeal to the Superior Court the case was heard by *Pierce,* J., upon a motion to dismiss made in behalf of the defendant by the receiver of the property of the defendant, who was appointed by the Probate Court for the county of Norfolk on July 26, 1905, under R. L. c. 144, on the ground that the defendant had disappeared from the Commonwealth on August 10, 1898, and that his whereabouts were unknown. The facts which appeared by the record before the judge are described in the opinion.

The defendant made six requests for rulings, which, with the judge's action upon each, were as follows:

1. That on the record the defendant was a non-resident at the time of the attachment of the defendant's real property.

"I find upon the record that the defendant was not a non-resident."

2. That on the record no personal service was made on the defendant.

"I so find."

3. That on the record no notice whatever of the action was given in any way within a year after the entry of the action.

"I so find."

4. That on the record the order of the court of April 7, 1904, ordering notice by publication in the Quincy Patriot was never complied with.

"I so find."

5. That on the evidence of the record as a matter of law the court has now no jurisdiction of the action and the action should be dismissed.

"I refuse to so find."

6. That, the order of the court as to the notice to be given not having been complied with, and more than a year having elapsed since the entry of the action, the court as a matter of law has lost jurisdiction of the action and it could not be continued for further notice of service.

"In my opinion it does not appear from the record that the defendant was at the time of this attachment a non-resident as distinguished from an absent defendant. I refuse to give the request."

The judge made an order denying the motion to dismiss, and the defendant appealed.

To the refusal of the judge to make the first, fifth and sixth rulings requested as above the defendant alleged exceptions.

Later the case was heard by *Hitchcock*, J., without a jury, upon the issues raised by the defendant's answer in bar, which had been filed by the receiver before his motion to dismiss.

The plaintiff asked the judge to make the following rulings:

"1. The defendant left this Commonwealth after the cause of action accrued, to wit, on or about the tenth day of August, 1898, and has never returned.

"2. Since on, or about the tenth day of August, 1898, the defendant Carr has 'resided out of the Commonwealth' within the meaning of R. L. c. 202, § 9.

"3. As the defendant Carr resided out of the Commonwealth after this cause of action accrued, the time of such residence out of the Commonwealth must be excluded in determining the time limited for the commencement of this action, and therefore this action was seasonably commenced."

The judge found the first ruling as a fact, and adopted the second and third.

The defendant asked the judge to make the following rulings: ·

"1. That, on the record, as matter of law, the defendant is not in court, no proper service ever having been made upon him, as provided by R. L. c. 170, and this action cannot be maintained.

"2. That, on the record, as matter of law, no personal service ever having been made upon the defendant and no service by publication having been made upon him as ordered by the District Court of East Norfolk, this action cannot be maintained.

"3. That, on the record, as matter of law, no personal service, or service by publication as ordered by the District Court of East Norfolk, having been had on the defendant, and more than two years after the date of the writ a receiver having been appointed for the defendant under R. L. c. 144, as amended by the St. 1903, c. 241, the plaintiff's claim cannot be adjudicated in this court.

"4. That the judge of the Superior Court, on the hearing October 27, 1909, on the defendant's motion to dismiss having found that the defendant was not a non-resident, the statute of limitations runs against the plaintiff's claim, and this action cannot be maintained.

"5. That, the burden of proof being upon the plaintiff to show both a cause of action and the suing out of process within the period of limitation, the plaintiff cannot maintain his action unless he shows such an absence of the defendant from the State as to work a change of domicil.

"6. If the plaintiff shall show such an absence of the defendant from the State as to work a change of domicil, then the action cannot be maintained under [R. L.] c. 170, § 5.

"7. If the plaintiff shall fail to show such an absence of the

defendant from the State as to work a change of domicil, then the statute of limitations is a bar, and the action cannot be maintained."

The trial judge adopted the fifth and seventh rulings requested by the defendant as above, and refused to make the first, second, third, fourth and sixth rulings thus requested.

The judge found for the plaintiff and assessed damages in the sum of $576 on the first count and the sum of $176.67 on the second count, making in all the sum of $752.67, including interest computed to September 1, 1910. The defendant alleged exceptions.

*S. W. Mendum*, for the defendant.

*G. W. Abele*, for the plaintiff.

HAMMOND, J. 1. As to the motion to dismiss. At the hearing on this motion the only evidence was the record. The judge refused to grant certain rulings requested by the defendant and overruled the motion. This part of the case is before us upon the defendant's exceptions to this refusal and on his appeal from the order overruling the motion.

The exceptions raise the question whether upon the record it appears that at the time of the attachment the defendant was a non-resident as distinguished from an absent defendant. If he was a non-resident, then, inasmuch as no personal service was made upon him and no notice whatever was given to him within one year of the entry of the action, the action should have been dismissed. R. L. c. 170, § 5. If, however, the defendant was merely an absent defendant as distinguished from a non-resident, then whether the action should be dismissed was within the discretion of the court. R. L. c. 170, § 6.

In the writ which issued from the District Court of East Norfolk, the plaintiff was described as of " Quincy in said county of Norfolk," and the defendant as " of said Quincy." The officer's return states that he attached all the right, title and interest of the defendant in and to real estate in the county aforesaid, and further that he made diligent search for the defendant " and for his last and usual place of abode, tenant, agent and attorney, but have been unable to find either within my precinct and could make no further service of this writ upon him." This falls far short of saying that the defendant was a

non-resident or of conclusively showing that he was. It is the ordinary return of an officer that he cannot find the defendant or his last and usual place of abode, or any tenant or agent of his. It is not a return that the defendant has no last and usual place of abode within the precinct of the officer, but only that no such abode is known to the officer. Beyond this his return cannot go. *Tilden* v. *Johnson*, 6 Cush. 354.

We are in doubt whether the statement in the bill of exceptions that " the only evidence before the court was the record " means that the evidence was confined to the record of the case itself, or whether it included also the evidence of the proceedings of the Probate Court appointing a receiver. The parties having argued the case upon the latter theory, however, we shall consider the case in the same way; although it is to be noted that on a motion to dismiss only the record before the court is considered. Without reciting in detail the allegations of the petition for a receiver and the language of the order appointing him, it is sufficient to say that they are all perfectly consistent with the view that the absentee was still a resident of this Commonwealth. Nor can the recital in the order of notice of the District Court for further service that " the defendant was not an inhabitant of this Commonwealth " be conclusive. It seems to be based entirely upon the suggestion of the plaintiff and an inspection of the officer's return, which of themselves are not sufficient to require such a finding.

Upon a careful inspection of the whole record the refusal to rule as matter of law that the defendant was a non-resident at the time of the attachment was correct and the rulings requested which were based upon the theory that he was a non-resident were properly refused. On this part of the case the exceptions are overruled and the order of the judge upon the motion to dismiss is affirmed.

2. As to the exceptions taken during the trial on the merits. These exceptions arise upon the refusal of the judge to make certain rulings and upon certain rulings actually made. The case was tried before a judge sitting without a jury. One ground of defense appears to have been the statute of limitations. By reference to the first bill of exceptions " which may be referred to for a fuller statement of the case," it appears that

the causes of action set forth in the two counts of the declaration occurred, the first in February, 1895, and the second in May, 1895. The writ was dated March 19, 1903, more than six years after the respective causes of action had accrued. Under these circumstances the judge ruled in substance that as to each count the burden of proof was upon the plaintiff to prove the cause of action, and that the writ issued within the "period of limitation," and that if he failed to show such an absence of the defendant from the Commonwealth as worked a change of domicil, then the statute of limitations would be a bar and the action could not be maintained. He further found as a fact that the defendant left this Commonwealth on or about August 10, 1898, and never has returned. Having so ruled and found, the judge found for the plaintiff. The finding necessarily implies that the time during which the defendant was actually domiciled out of the Commonwealth is the only time which did not run against the plaintiff, or, in other words, deducting from the time between the accruing of the respective causes of action and the date of the writ, the time during which the defendant was domiciled out of the Commonwealth, there must have been less than six years. The record does not state that all the evidence is therein reported, and hence we cannot know whether it warranted such a finding. We do not understand, however, that the defendant contends that the finding was not warranted.

The defendant's complaint is that if his domicil was changed as found by the judge, then the judge should have given his sixth request, which was as follows: "If the plaintiff shall show such an absence of the defendant from the State as to work a change of domicil, then the action cannot be maintained under [R. L.] c. 170, § 5." But the answer is that no such question was before the court. The defendant had attempted to raise that question on his motion to dismiss, which, being decided only upon the facts appearing of record, was disallowed. Even if the domicil had been changed, it does not follow that the plaintiff has no cause of action but simply that the present writ should be abated. This defense should be pleaded in abatement and not in bar. But it was not pleaded in abatement. The case therefore had gone beyond the stage where the question was material. Nor was the finding made upon the motion to dismiss con-

clusive. It was a decision made on the facts appearing of record, and was not conclusive upon the parties as to the actual facts. Notwithstanding the motion to dismiss was denied, a plea in abatement could have been filed and the facts shown. The first, second, third, fourth and sixth requests were properly refused.

Upon the findings of the judge under the fifth and seventh rulings adopted by him, the second and third rulings requested by the plaintiff and refused by the judge could not have prejudiced the defendant.

The result is that both bills of exceptions must be overruled. But as there seems to have been no service upon the defendant we do not mean to intimate whether the judgment should be general, or whether it should be special affecting only the property attached. That question may arise at a later stage of the case.

*Exceptions overruled.*