*H. N. Allin, pro se.*
*G. D. Burrage,* for the petitioner.

---

CHESHIRE NATIONAL BANK *vs.* CHARLES W. JAYNES & trustees.

Suffolk.   November 29, 1915. — May 15, 1916.

Present: RUGG, C. J., LORING, DE COURCY, CROSBY, & CARROLL, JJ.

*Jurisdiction,* Non-resident defendant.   *Practice, Civil,* Special appearance, Law of trial. *Judgment.  Waiver.*

Construing together R. L. c. 170, § 1, and §§ 6 and 9 of the same chapter, the meaning is that, where an effectual attachment of property of a non-resident defendant has been made, the best kind of notice which can be given under the circumstances shall issue, in order to afford the non-resident defendant an opportunity to come into court and be heard on the question whether the property so attached ought to be held to satisfy a judgment in accordance with the terms of § 1.

If a non-resident defendant, on whom no personal service has been made but whose property has been attached by trustee process, appears specially and answers and defends the case for the sole purpose of protecting his rights in the goods, effects and credits in the hands of the alleged trustee without submitting himself generally to the jurisdiction of the court, he has a right to be heard in protection of his property thus attached, and the judgment rendered, if against him, will be valid only to secure the application of the attached property to the satisfaction of the judgment.

In the case stated above a judgment in the defendant's favor would be no bar to a further prosecution of the plaintiff's claim against other property or against the defendant personally in case an effectual attachment or personal service afterwards should be made.

Where a non-resident defendant, on whom no personal service had been made but whose property had been attached by trustee process, appeared specially for the sole purpose of protecting his rights in the attached property, but the trial judge ruled that if the defendant desired to contest the case he must answer generally and submit himself to the jurisdiction of the court, and the defendant

then, after having excepted to the ruling of the judge, answered generally and filed cross interrogatories for the taking of a deposition without further questioning the jurisdiction of the court, the defendant by this compliance with the ruling of the judge, which until reversed was the law of the trial, did not waive his special appearance nor his exception based on it.

The provision of R. L. c. 173, § 118, relates only to the effect of a general appearance and answer to the merits where the defendant's rights have not been saved by previous pleadings.

RUGG, C. J.   This is an action of contract brought by a national banking corporation domiciled in the State of New Hampshire against a resident of the State of Connecticut, upon whom no personal service has been made but whose property has been attached by trustee process under the statute making provision for reaching the property of a non-resident. R. L. c. 170. The defendant filed a special appearance, whereby he has undertaken by apt words not to submit himself generally to the jurisdiction of the court, but only so far as is necessary in order to protect his interest in the goods, effects and credits in the hands of the alleged trustees. In proceedings, which need not be narrated in detail, the Superior Court * has ruled that a non-resident defendant could not "appear, answer to the merits and defend the case for the purpose of protecting his rights in property trusteed or attached and at the same time by 'special appearance' repudiate the jurisdiction of the court. If he is in court claiming its protection upon the merits of the case, he must submit to the obligations which the court places upon every litigant before it." The correctness of this ruling is challenged.

This precise question does not appear to have been decided. It has been determined that a valid personal judgment cannot be rendered against a non-resident defendant who is not served with process within the State and who does not appear. When property of a non-resident defendant is attached within the State, valid judgment may be entered, enforceable against such property, but possessing no further validity unless such non-resident defendant is served personally with process within the State, or appears. *Lowrie* v. *Castle*, 198 Mass. 82, 89. *Eliot* v. *McCormick*, 144 Mass. 10. *Pennoyer* v. *Neff*, 95 U. S. 714. *Freeman* v. *Alderson*, 119 U. S. 185. A non-resident defendant may ignore the proceedings

* By *Morton*, J.

in the courts of another jurisdiction when not served with process in that other jurisdiction and when no valid attachment of his property has been made. When attempt is made to affect his rights by judgment obtained in the absence of service of process or attachment of property, he may show its invalidity in the courts of any forum, either under the "full faith and credit" clause of the federal constitution or under general principles of international comity. *Old Dominion Copper Mining & Smelting Co.* v. *Bigelow*, 203 Mass. 159, 206, 214. *Brown* v. *Fletcher*, 210 U. S. 82. Perhaps it would be competent for the Legislature to enact, without violating any provision of the federal constitution, that no one may voluntarily appear in our courts to contest any question there pending, even when some of the property is held under attachment, without at the same time submitting himself wholly to the jurisdiction of our courts for all purposes of the proceeding. *York* v. *Texas*, 137 U. S. 15. *Western Life Indemnity Co.* v. *Rupp*, 235 U. S. 261, 272. *Coe* v. *Armour Fertilizer Works*, 237 U. S. 413, 426.

But that question is not now presented and expressly is left open. R. L. c. 170, § 1, which governs this matter, makes no such provision.* This section has been construed with some strictness. *Roberts* v. *Anheuser Busch Brewing Association*, 215 Mass. 341. Its final clause does not deny full effect to a judgment rendered after a general appearance, even without service. *Gahm* v. *Wallace*, 206 Mass. 39. But it does not disclose a purpose to impose upon a non-resident defendant the burden of entering a general appearance in order to protect his property rights so far as they are put in peril by effectual attachment of his property upon the original writ. It does not by apt words cover a situation like that now presented. So far as there is implication from the words used, it seems to be that the action shall not be maintained without service with process within this Commonwealth (unless there is

---

* That statute is as follows: "Section 1. A personal action shall not be maintained against a person who is not an inhabitant of this Commonwealth unless he has been served with process within this Commonwealth or unless an effectual attachment of his property within this Commonwealth has been made upon the original writ, and in case of such attachment without such service, the judgment shall be valid to secure the application of the property so attached to the satisfaction of the judgment, and not otherwise."

voluntary general appearance) except so far as it may affect property held under effectual attachment. The provisions for notice to a non-resident defendant in §§ 6 and 9 of the same chapter, do not manifest a purpose to compel him to appear generally if he appears at all. Indeed, reading §§ 1, 6 and 9 together, and giving them all appropriate force, they are quite satisfied by interpreting them to mean that when effectual attachment of property of a non-resident is made, the best kind of notice which can be given under the circumstances shall issue in order to afford him opportunity to come into court and be heard on the question whether the property so attached ought to be held to satisfy a judgment in accordance with the terms of § 1. "The fundamental requisite of due process of law is the opportunity to be heard." *Grannis* v. *Ordean*, 234 U. S. 385, 394. "That to condemn without a hearing is repugnant to the due process clause of the Fourteenth Amendment needs nothing but statement." *Riverside & Dan River Cotton Mills* v. *Menefee*, 237 U. S. 189, 193.

Treating the question as one of general law, quite uncontrolled by statute, the same result is reached. It was said by Chief Justice Parsons in *Bissell* v. *Briggs*, 9 Mass. 462, at page 468, "In order to entitle the judgment rendered in any court of the United States to the full faith and credit mentioned in the federal constitution, the court must have had jurisdiction, not only of the cause, but of the parties. To illustrate this position, it may be remarked that a debtor living in Massachusetts may have goods, effects, or credits, in New Hampshire, where the creditor lives. The creditor there may lawfully attach these, pursuant to the laws of that State, in the hands of the bailiff, factor, trustee, or garnishee, of his debtor; and on recovering judgment, those goods, effects, and credits, may lawfully be applied to satisfy the judgment; and the bailiff, factor, trustee, or garnishee, if sued in this State for those goods, effects, or credits, shall in our courts be protected by that judgment, the court in New Hampshire having jurisdiction of the cause for the purpose of rendering that judgment, — and the bailiff, factor, trustee, or garnishee, producing it, not to obtain execution of it here, but for his own justification. If, however, those goods, effects, and credits, are insufficient to satisfy the judgment, and the creditor should sue an action on that judgment in this State to obtain satisfaction, he must fail, because the defend-

ant was not personally amenable to the jurisdiction of the court rendering the judgment. And if the defendant, after the service of the process of foreign attachment, should either in person have gone into the State of New Hampshire, or constituted an attorney to defend the suit, so as to protect his goods, effects, or credits, from the effect of the attachment, he would not thereby have given the court-jurisdiction of his person; since this jurisdiction must result from the service of the foreign attachment. It would be unreasonable to oblige any man living in one State, and having effects in another State, to make himself amenable to the courts of the last State, that he might defend his property there attached." This decision was one of the earliest upon that subject in this country. It always has been recognized as a leading authority. See *Pennoyer* v. *Neff*, 95 U. S. 714, 731. While the allusion to the injustice of requiring a non-resident to surrender himself wholly to the jurisdiction of the courts of a foreign State, in order to defend his property there attached, was by way of illustration rather than exact adjudication, it was employed to illuminate an essential step in the reasoning by which the decision was reached, and therefore was something more than a mere *obiter dictum*. It states a sound principle. It is decisive of the question at bar.

It may be urged that to reach this conclusion is to impair the doctrine of *res judicata*, in that it compels a plaintiff to try the merits of his case and be barred by his failure, while no such decisive result inheres in defeat to the defendant. But this consequence does not follow. It is elementary law that the doctrine of *res judicata* does not operate as an estoppel unless it is mutual and affects both parties alike. *Old Dominion Copper Mining & Smelting Co.* v. *Bigelow*, 203 Mass. 159, 217. *Bigelow* v. *Old Dominion Copper Mining & Smelting Co.* 225 U. S. 111, 127. In a situation like that at bar, the plaintiff puts his cause in issue no further than does the defendant. The bar of whatever judgment may be rendered, where a non-resident defendant appears specially merely for the purpose of protecting his interest in attached property, extends no further against the plaintiff than it does against the defendant. It relates only to the property of the defendant held under effectual attachment. The record of the judgment and the form of the execution when rendered against the defendant explicitly show this. It runs only against the property so attached, and not otherwise. The

record of the judgment when against the plaintiff should be equally categorical in showing that the plaintiff has failed to establish his case only against the property attached, and not that he has failed generally to establish a cause of action against the defendant. In such case the question of the general liability of the defendant to the plaintiff has not been put in issue, because the defendant has chosen to rely on his strict right by confining his appearance to the protection of the property alone and not to submit himself to the general jurisdiction of the court. When a defendant pursues this course he cannot at the same time claim the boon of general judgment if he wins, and the shelter of his special appearance if he loses. He cannot gamble with jurisdiction and invoke its benefit if favorable and repudiate its force if adverse. He must select his ground in advance and abide by the issue. If he stands only upon the special ground, he is entitled upon success only to a judgment which protects that property but which goes no further and will afford no shield against further prosecution of the plaintiff's claim against other property or against him personally, provided effectual attachment or personal service may be made.

The plaintiff, by instituting his action and making the effectual attachment of property, offers to the defendant the alternative, first, of coming into court generally and settling all issues by submitting to the jurisdiction of the court with the attendant advantage of ending that cause of action by a final judgment, or second, of appearing specially and protecting only the property attached and settling only that question and nothing else. The adjudication will be exactly commensurate with the alternative accepted by the defendant. This result is one of fairness and justice to both parties.

It is contended that because the defendant, after the entry of the order of the Superior Court to the effect that he could not appear specially but must submit to the jurisdiction generally if he desired to make any contest, answered generally attempting to continue his special appearance and also filed cross interrogatories for the taking of a deposition without questioning the jurisdiction, he has waived his special appearance and has in fact submitted himself generally to the jurisdiction of the court. But this contention cannot be supported. After having raised the point seasonably, he did not waive it by proceeding in accordance

with the rulings of the court, which until reversed were the law of the trial. *Walling* v. *Beers,* 120 Mass. 548. *Commonwealth* v. *Retkovitz,* 222 Mass. 245, 253. *Harkness* v. *Hyde,* 98 U. S. 476. *Southern Pacific Co.* v. *Denton,* 146 U. S. 202. *Davis* v. *Cleveland, Cincinnati, Chicago & St. Louis Railway,* 217 U. S. 157, 174. There is nothing inconsistent with this in R. L. c. 173, § 118, which relates only to a general appearance and answer to the merits where rights have not been saved by earlier pleadings.

It is not necessary to determine whether the allowance of the amendment to the record was within the power of the Superior Court or whether there was error in other respects. The questions which have been discussed are decisive of the issues here raised.

*Exceptions sustained.*

*E. B. Chapin,* for the defendant.

*J. E. Benton* (of New Hampshire) *& R. E. Buffum,* for the plaintiff.