Philip E. Campbell
vs.   No. 78335.
Herbert C. Miller, et al.

April 24, 1930.

CAPOTOSTO, J. The plaintiff sues for a broker's commission claimed to have been earned in the sale of defendants' real estate.

Jury trial was waived.

The action was commenced by writ dated November 26, 1928. Certain personal estate of the defendants was attached in the hands and possession of the Industrial Trust Company. No personal service of the writ was had upon the defendants in this state, they being notified of the pendency of the action and of the attachment by receiving a copy of said writ mailed to them at Baltimore, Maryland. On March 12, 1929, counsel for the defendants filed a special appearance and a special plea stating in substance that the defendants were appearing solely for the purpose of protecting any interest which they might have in and to the goods, effects, credits and choses in action held by the Industrial Trust Company subject to the attachment and without submitting themselves generally to the jurisdiction of the Court. When the case was called for trial and before the taking of any evidence, defendants' counsel specifically called the above facts to the attention of the Court.

The case proceeded to trial and the issue of liability was determined by the Court in favor of the plaintiff. The form and extent of the judgment to be entered for the plaintiff was thereupon put in issue by the defendants. The plaintiff maintained that he was entitled to a judgment in the sum of $660, which, under normal conditions, would have been the amount of his judgment. The defendants, on the other hand, contended that no valid judgment in excess of $235.64 could be entered against them under the service and pleadings in the case.

This issue can be determined by considering the nature of the action which the plaintiff actually succeeded in bringing against the defendants. Was it a proceeding in rem or in personam? It is a fundamental rule of law that no valid personal judgment can be rendered against a defendant in the absence of personal service upon him or a general appearance in his behalf. When a suit against a resident of another state is begun by the attachment of personal property in this state belonging to the non-resident defendant, such defendant may, at his option, appear specially in order to protect any interest he might have in the property attached, or, submit himself generally to the jurisdiction of the court for the settlement of all issues involved. It has been definitely settled that a person living in one state and having effects in another state need not submit himself to the general jurisdiction of the courts of the last state in order to defend his property there attached.

*Pennoyver* vs. *Neff*, 95 U. S. 714.

The exact situation of the case at bar was decided in *Cheshire National Bank* vs. *Jaynes*, 224 Mass. 14. The Massachusetts statute there considered is far more definite than our own and yet the Court held that no valid personal judgment could be rendered unless the defendant had elected to submit himself to the general jurisdiction of the Court.

"The plaintiff, by instituting his action and making the effectual attachment of property, offers to the defendant the alternative, first, of coming into Court generally and settling all issues by submitting to the jurisdiction of the Court with the attending advantage of ending that cause of action by a final judgment, or second, of appearing specially and protecting only the property attached and settling only that question and nothing else. The adjudication will be exactly commensurate with the alternative accepted by the defendant."

Rugg, C. J., in *Cheshire National Bank* vs. *Jaynes*, 224 Mass. 14, 17.

The Massachusetts court in the same case discusses the facts independent of any statute and reaches the same conclusion.

"Treating the question as one of

general law, quite uncontrolled by statute, the same result is reached."

The Cheshire National Bank case is approved and followed by the United States Circuit Court in an appeal from the District Court of Ohio.

"The situation, in the absence of personal service on defendant or general appearance by it, was originally simple. It was merely a proceeding in rem; the effect of recovery would be to subject the attached property to the judgment. * * *

Our conclusion is, moreover, directly and specifically sustained by *Cheshire Nat. Bank* vs. *Jaynes*, 224 Mass. 14.

* * * The case is directly in point, and we entirely approve both its reasoning and conclusion."

*Salmon Falls Mfg. Co.* vs. *Midland Tire & Rubber Co.*, 285 Fed. 214.

It is quite evident that under the circumstances of this case the plaintiff is not entitled to a personal judgment against the defendants. He is entitled, however, to a decision which will subject the attached property of the defendants to the judgment.

The form of the judgment to be entered in a case like the one at bar has given rise to a conflict of authorities. Some cases hold that it is proper to enter a judgment for the entire amount, but that such a judgment is valid and can be enforced only to the extent of the property attached, anything over and above that amount being treated as surplusage. The prevailing practice, however, seems to be to enter a judgment of condemnation against the res and not a personal judgment against the defendant.

2 R. C. L.—Attachments. Section 60.

By entering a judgment which runs only against the property attached, and not otherwise, the plaintiff is not precluded from a further prosecution of his claim against the property of the defendants or against them personally, provided effectual attachment or personal service may be made. The doctrine of res judicata is not applicable in further action. For this doctrine to operate as an estoppel it must be mutual and affect both parties alike. Where a non-resident defendant appears specially for the sole purpose of protecting his interest in attached property, the bar of whatever judgment may be rendered relates only to the property of the defendant held under effectual attachment.

*Cheshire National Bank* vs. *Jaynes*, 224 Mass. 14, 18.

This Court, therefore, enters judgment for the plaintiff against the sum of $235.64 of the property of these defendants effectively attached in the hands and possession of the Industrial Trust Company. For the recovery of any additional sum which the plaintiff may be entitled to, he is left to such other and further proceedings as will satisfy the requirements of due process of law.

For plaintiff: Littlefield, Otis & Knowles.

For defendants: Edwards & Angell.