Carr, J.
It appears that by trustee writ, returnable to this court September 11, 1937, Samuel and Betty Robenstein of Rochester, New York, brought an action of contract against Elias M. Loew of Boston. The writ alleged (that the defendant has not in her own hands and possession, goods and estate to the value of etc.) “but has entrusted to and deposited in the hands and possession of United States Trust Company and the Second National Bank of Boston both banking institutions duly organized under the laws and having their usual places of business in Boston, and standing in the name of Elias M. Loew, Liberty Amusement Company or the Hutchinson Amusement Company, trustees of the defendant’s goods, effects and credits.”
*63 The United States Trust Company, summoned as trustee, answered that it had $66.79 standing in the name of the Liberty Amusement Company and no other funds and the Second National Bank that it had $1197.11 in the name of Hutchinson Amusement Company and no other funds.
This action is still.pending and Messrs. Wasserman and Wasserman are counsel for the plaintiffs therein.
Thereafter, the Liberty Amusement Company brought action against the Bobensteins for wrongful attachment of its- funds, and the Hutchinson Amusement Company did likewise. The writs were served on Arthur T. Wasserman of Wasserman and Wasserman who, as already stated, were counsel for the Bobensteins in the trustee action. In these two actions, Wasserman and Wasserman appeared specially for the Bobensteins to contest the jurisdiction of the court.
The question to be decided is whether the service of the two later writs made upon Wasserman and Wasserman who were counsel for the Bobensteins who were not inhabitants of the Commonwealth is good under Gen. Laws (Ter. Ed.) Ch. 227, §2. This section provides as follows: “If an action is brought by a person not an inhabitant of the commonwealth or who cannot be found herein to be served with process, he shall be held to answer to any action brought against him here by the defendant in the former action, if the demands are of such a nature that the judgment or execution in the one case may be set off against the judgment or execution in the other.”
Although questions relating to the allegations in the writs and the form of the officer’s return have been raised by counsel for the defendants in the last two actions, the decision turns principally on whether the Liberty Amusement-Company and the Hutchinson Amusement Company by reason of the way they were described in thé Boben *64 steins’ writ and of the situation above described were parties defendant within the terms of said Section 2.
It is our opinion that they were not and that the trial judge was right in his disposition of the cases.
The allegations in the Robensteins ’ trustee writ, of course, do not mean that the Liberty Amusement Company and the Hutchinson Amusement Company were separate entities holding funds of Loew for if that were so they should each have been named as trustees having in hand or possession goods, effects and credits of the defendant. They mean that Loew and the two Amusement Companies were one and the same person and that in whichever name the trustees held goods, effects and credits they were holding goods, effects and credits of Loew.
The mere attachment of funds of a person named as defendant does not make him a party defendant. Cheshire National Bank v. Jaynes, 224 Mass. 14. Much less does the wrongful attachment of funds of a third person alleging them to be funds of the defendant make the third person a party defendant. Karp v. First National Bank, 1936 A. S. 1717.
' Some help may be found in considering somewhat similar situations. Where on a common writ an attachment is fraudulently made, a person, other than parties named in the writ, who claims title by subsequent attachment or certain other subsequent acts, may attack the original attachment. He does not become a party to the original action. He files a separate petition. Gen. Laws (Ter. Ed.) Ch. 223 §106 et seq. cf. Carter v. Gregory, 8 Pick. 165.
And where on a common writ a person, other than the person proceeded against in the writ as defendant, applies for discharge of an attachment, he files an independent petition and does not become a party to the original action. Gen. Laws (Ter. Ed.) Ch. 223, §114. cf. Long v. George, 290 Mass. 316, cf. Shea v. Peters, 230 Mass. 197.
*65 And where in .trustee proceedings as in the pending cases, a person’s credits are wrongfully held by trustee process, such person does not thereby become a party to the proceedings. Unless more appears, he is in no way bound by the proceedings. Neither as party or privy is he estopped to assert his title to his property in a separate action. Gen. Laws, (Ter. Ed.) Ch. 246, §§33 and 34, Karp v. First National Bank, 1936 A. S. 1717, cf. Cleaveland v. Malden Savings Bank, 1935 A. S. 1685, 1688, cf. Habib v. Evans, 222 Mass. 480.
Doubtless, the legislature could have provided that a person, whose credits had been wrongfully attached in trustee process could come in to protect his property by filing an independent petition as in the case of wrongful attachments by common writ. It chose to have the claim determined in the original proceedings either on the claimant’s voluntary appearance and filing of claim or after order of notice to him to appear. The adverse claimant is admitted as a party to the proceedings so far as the determination of his title is concerned. He has no interest in the settlement of issues between parties plaintiff and defendant in the writ. cf. Snider v. Rego Heat Corporation, 1937 A. D. R. 639.
The short answer to the plaintiffs’ arguments is that neither the Liberty Amusement Company nor the Hutchinson Amusement Company was summoned to appear or appeared voluntarily as claimant. Consequently they never became parties to the proceedings under the provision of the statute, cf. Cheshire National Bank v. Jaynes, supra. Karp v. First National Bank, supra.
It is not material but we think it would have made no difference if they had come in as parties claimant. There is no exact definition of defendant nor do we get anywhere by calling a person defendant unless he is the kind of defendant referred to in the particular statute under which rights *66 are to be determined. Under Gen. Stats. Ch. 146 §38, it was held that the word defendant applied to a plaintiff on his petition for stay or supersedeas of a judgment for costs which had been entered against him. Leavitt v. Lyons, 118 Mass. 470. As pointed out by counsel for the plaintiffs, where search warrant for liquor illegally kept is issued complaining that a named person owns, possesses or keeps, the liquor and condemnation proceedings follow, the person complained against may come in as claimant. As such he is admitted as a party to the trial and by reason of being complained against he is a party defendant. Commonwealth v. Intoxicating Liquors, 122 Mass. 9, 11. Commonwealth v. Intoxicating Liquors, 122 Mass. 36, cf. Gen. Laws (Ter. Ed.) Ch. 138, §§61 to 72. And according to the practice in some jurisdictions, a defendant appealing on a question of law becomes- plaintiff in error and the original plaintiff the defendant. See also, 1 Bouvier’s Law Dictionary 3rd ed. p. 502, Claimant.
A careful reading of Gen. Laws, (Ter. Ed.) Chapters 223, 246 and 227 shows that when defendant is referred to, the person proceeded against or named as such in the writ is meant. The reference in Chapter 246 (cf. §3) to the principal defendant is to distinguish the defendant in the original writ from the trustee when proceeded against in scire facias. In Chapter 227, Sec. 2, relating to cross action by a defendant against the non-resident plaintiff in a previous writ against the defendant, the defendant described is the one named in the previous writ. The section says that the non-resident plaintiff in the former action shall answer to any action brought against him by the defendant in the former action if the demands are of such a nature that the judgment or execution in the one case may be set off against the judgment or execution in the other. Clearly no judgment coulcl be entered in. the former action against *67 either the Liberty Amusement Company or the Hutchinson Company that could be set off against any judgment they might recover in the subsequent action. If they were not summoned and did not come in voluntarily as claimants in the former action, no judgment whatever, for or against them, could be entered. If they were summoned or did come in voluntarily the result of the proceedings on the claim would be either a disallowance or allowance of the claim. If disallowed, there would be nothing against them to set off; if allowed, there would be nothing in the finding in their favor "to set off.
Report dismissed.