*Municipal Court of the City of Boston*

No. 366209

### JOSEPH P. LYNCH

v.

### M. RAY CONSTRUCTION CO., INC.

(November 19, 1954)

*Adlow, C. J.* Action of contract to recover the sum of $12,100.00 together with interest for goods sold and delivered. The declaration is on an account annexed for gravel sold to the defendant between August 21, 1952 and June 4, 1953. (Shamon, J.).

*There was evidence that* under the terms of an agreement executed on May 2, 1952, Joseph P. Lynch acquired the right to remove loam and gravel from the property of Mt. Ida, Inc., a Massachusetts charitable corporation. This agreement was to terminate on November 2, 1952. Shortly thereafter, Michael Ray entered into an oral arrangement with Lynch

under the terms of which he was permitted to remove gravel from the tract in question and to pay for same at the rate of twenty cents a cubic yard. A cross section survey of the tract was made on May 27, 1952 to provide a basis for computing the amount of gravel removed by Ray under the agreement. On the same day Ray commenced removing gravel from the lot. Up until *August 21, 1952*, the aforementioned Ray paid to Lynch for gravel removed from the tract $9,250.00, and he paid to Mt. Ida, Inc., the sum of $5,800.00. In all, he paid on account of materials removed from the tract $15,050.00, of which amount $750.00 was paid to Lynch for loam.

On *August 21, 1952*, Michael Ray, Angelo Ray, Rachel Ray, and Robert Sullivan became, the incorporators of the defendant corporation, M. Ray Construction Co., Inc. Michael Ray became the President of the defendant corporation and Angelo Ray supervised its operations. Commencing with the eighth day of September, 1952, all moneys received by Lynch or Mt. Ida, Inc., came in the form of checks drawn on the account of the defendant corporation. Between that day and January 27, 1953, $9,500.00 was paid in this manner to Lynch and $500.00 to Mt. Ida, Inc.

The removal of gravel stopped on June 5, 1953, prior to which date the plaintiff notified Michael Ray to cease his operations and remove his equipment.

Surveys made by the plaintiff established that from the beginning of the undertaking up to June 23, 1953, 182,000 cubic yards of gravel had been removed from the tract. The progress of the work of removal was as follows:

| | |
|---|---|
| To September 17, 1952 | 99,345 cubic yards |
| To April 11, 1953 | 162,450 cubic yards |
| To June 23, 1953 | 182,090 cubic yards |

*Throughout the period of actual operations in excavating the gravel the plaintiff was unaware of the existence of the defendant corporation and looked only to Michael Ray for payment.*

While the report is silent as to who removed the

gravel after the formation of the defendant corporation, it does state, "There was no evidence of removal of gravel by anyone other than Michael Ray or the defendant corporation."

At the close of the evidence the defendant filed requests for rulings, nine in number. Of these requests, one to five involved the right of the plaintiff, Lynch, to claim for gravel taken from the tract after November 2, 1952 when his contract with Mt. Ida, Inc., expired. The defendant has since waived its rights with respect to these requests and we may proceed to consider the remaining issues on the assumption that the plaintiff, Lynch, had a right to sell the gravel removed from the Mt. Ida, Inc., tract up to the time of the termination of dealings between these parties.

At the close of the evidence the defendant asked the court to rule that there was not sufficient evidence to establish:

(1)   the existence of a contract of purchase and sale between the parties;

(2)   the assumption by the defendant of the obligations of Michael Ray to the plaintiff;

(3)   the amount, if any, of gravel removed by the defendant from the land of Mt. Ida., Inc.

All these requests were denied by the court "as inapplicable to the facts found."

Without reciting the Findings of Fact in their entirety, it is sufficient to note that the court found in effect:

(1)   "that the defendant has adopted and ratified the verbal contract made between the plaintiff and Michael Ray".

(2)   "that since the incorporation of the defendant on the 21st day of August, 1952, it has paid for a quantity of gravel removed by it by issuing its corporate checks in the sum of $10,000—".

(3)   "that the business with the plaintiff, since August 21, 1952, conducted by Michael Ray, as President of the defendant corporation, was for the

benefit of the defendant, and that the pre-existing contract entered into between Joseph Lynch and Michael Ray, was ratified wholly by the defendant."

The court found for the plaintiff in the amount of $12,100.00 together with interest from June 3, 1953. This report purports to contain all the evidence material to the question reported.

In causes tried before judges without juries it is essential to the regularity of the proceedings that the parties be assured that correct rules of law have been followed in the determination of the issue. *Hetherington v. Firth Co.*, 210 Mass. 1, 17. Rule 30 of the Rules of the Municipal Court of the City of Boston (1952) provides:

"Whenever any request for rulings, founded upon evidence, shall be refused upon the ground that it is inconsistent with or inapplicable to the facts found, or because the facts recited in the request are not found, the court shall state the facts found, or the facts recited which it does not find, upon which such refusal is based, unless the same appears from special findings filed."

Whether the requests for rulings filed by the defendant in this cause were applicable to the facts found will depend on the special findings filed by the court. In effect, these special findings declare that the defendant has adopted and ratified the verbal contract made between the plaintiff and Michael Ray, and also that the business conducted by Michael Ray with the plaintiff since August 21, 1952 was for the benefit of the corporation. In view of these findings of fact it is difficult to understand how the judge could refuse to pass on the requested rulings because "inapplicable to facts found." Without at this time passing on the propriety of the finding of fact by the court to the effect that the defendant corporation had adopted and ratified the contract made by Michael Ray with the plaintiff, it is sufficient to note that a prerequisite to any finding based on a

contract is that there be evidence sufficient to support a finding that there was a contract.

Similarly, with respect to the defendant's request that there was not sufficient evidence to establish the assumption by the defendant of the obligations of Michael Ray to the plaintiff. Once again the finding of fact by the court that the corporation had "adopted and ratified" the contract indicates that the requested ruling was applicable to the facts found, and while the facts found with respect to "ratification and adoption" were legally untenable, *Koppell v. Mass. Brick Co.*, 192 Mass. 223; *Lenox v. Haskell*, 253 Mass. 334; *McDonough Corp. v. Connelly*, 313 Mass. 62; [Dangel, Massachusetts Business Corporations, §9] it was nonetheless the duty of the court to indicate its view of the law as suggested by the request. *Hetherington v. Firth Co.*, 210 Mass. 1, 18.

If the defendant corporation was responsible to the plaintiff for gravel which it removed from the tract, the obligation derived either from an express contract of purchase made with the seller after the formation of the corporation or from an implied contract based on benefits accruing to the corporation from the removal of the gravel. There was no evidence in this report of any express contract. The defendant corporation could not legally ratify and adopt the contract existing prior to the formation of the corporation. From the statement in the report to the effect that "There was no evidence of removal of gravel by anyone other than Michael Ray or the defendant corporation" we infer that there was some evidence in the case of the removal of gravel by the corporation. While there was evidence in the report with respect to the amount of gravel removed from the tract during a substantial portion of the period following the formation of the corporation, there was no evidence in it to indicate how much gravel the corporation itself carried away.

The finding that the contract of Ray was adopted and ratified by the defendant corporation was based

on an erroneous concept of the law. It is apparent from the report that the defendant corporation carried away gravel for which it is liable on a quantum valebat basis. In the absence of any evidence of the amount of gravel so taken away, this court has no alternative, if justice is to be done, than to order a new trial.

*Finding for plaintiff vacated. New trial ordered.*
Frederick R. Walsh, for the plaintiff.
Robert Sullivan, for the defendant.