*Southern District*

### RICHARD OUIMET

### v.

### COMPCO CORPORATION

*Present:* Nash, P. J., Welch & Sgarzi, JJ.

Case tried to *Kupka, J.,* in the District Court of Brockton. No. 21051.

*Sgarzi, J.* This is an action of contract to recover for work performed by the assignor of the plaintiff for the defendant. In the writ, the defendant was described as "Compco Corporation, a corporation duly established by law and having a usual place of business in Chicago, Illinois." The writ was served in the manner described in the officer's return as follows:

> "March 9, 1960. By virtue of this writ I this day at ten minutes past two o'clock in the afternoon attached as the property of the within named defendant Compco Corporation, 867 Electrical Metal Light Reflectors at the plant of the Hanson Porcelain Enamel, Inc., 968 Washington Street, Hanson, Mass. and afterwards on the same day I summoned it to appear and answer at Court as within directed by giving in hand to George J. Clairmont Esq. attorney for the within named Compco Corporation, a true and attested copy of this writ together with a summons of this writ."

The defendant entered a special appearance for the limited purpose of filing a motion to dismiss the action for the reason that no sufficient service of the writ had been made.

At the hearing, the attorney for the defendant declared that he had no authority to accept service of the writ and that he was not the agent or attorney of the defendant on whom service of a writ in the name of the corporation could be made. The court allowed the motion to dismiss and the plaintiff claiming to be aggrieved filed his request for report to this division.

G. L. c. 181, §8 provides that foreign corporations having property in this Commonwealth may be sued and have their property attached in the same manner as individuals who are residents of other states and have property here. The service of the writ must be made in the manner provided in G. L. c. 223 and c. 227 with such further service as the court to which the writ is returnable orders. It is further provided by §3A of c. 181 that a foreign corporation doing business in this Commonwealth shall be deemed to have appointed the Commissioner of Corporations and Taxation its true and lawful attorney to accept service of process in an action or proceeding arising out of such business but it will be noted that there is no allegation that this defendant was doing business in this Commonwealth and no service was in fact made on the Commissioner.

G. L. c. 223, §38 deals with the manner in which service on a foreign corporation en-

gaged in business within the Commonwealth can be made but also has no application here since it is not alleged that this defendant either had a usual place of business here or was engaged in or solicited business here.

It is apparent therefore that this case comes within the scope of G. L. c. 227 which deals with absent and non-resident defendants. §1 of this Chapter provides that a personal action shall not be maintained against a person not an inhabitant of this commonwealth unless he or his agent has been served with process in the commonwealth, or unless an effectual attachment of his property within the commonwealth has been made upon the original writ, and in case of such attachment without such service, the judgment shall be valid only to secure the application of the property so attached to the satisfaction of the judgment.

§10 of this Chapter provides that if an attachment has been made upon a writ returnable to a district court and the defendant is absent from the commonwealth, so that no service can be made on him and he has no agent or attorney residing in the commonwealth, the court may order the action to be continued until notice thereof is given to the defendant in such manner as it may direct and if upon proof that such notice has been given the defendant fails to appear on the return day judgment may be entered for the plaintiff.

It will be noted that Section one deals with non-resident defendants and section ten deals with absent defendants. In the case of *John-*

*son v. Carr,* 210 Mass. 1, a distinction is made between them but that case involved an attachment of real estate which is covered by §6 of c. 227 and has no application here.

In the case of *Cheshire Nat. Bank v. Jaynes,* 224 Mass. 14 it is said

> "Construing R. L. c. 170, §1 and §§6 and 9 of the same Chapter (now G. L. c. 227 §§1, 7 and 10) the meaning is that, where an effectual attachment of property of a non-resident defendant has been made, the best kind of notice which can be given under the circumstances shall issue, in order to afford the non-resident defendant an opportunity to come into court and be heard on the question whether the property so attached ought to be held to satisfy a judgment in accordance with the terms of Section 1."

In the instant case an effectual attachment of property of a non-resident was made and before any motion for notice by publication, registered mail or otherwise as the Court might order was made, the defendant filed its special appearance and motion to dismiss. The motion put in issue the question whether upon the face of the writ and the officer's return there had been no legal service. *United Drug Co. v. Cordley & Hayes,* 239 Mass. 334; *Roberts v. Aneuser Busch Brewing Assn.,* 215 Mass. 341.

The service of this writ was not sufficient to support a personal judgment entitled to full faith and credit outside the Commonwealth or enforceable against any property of the defendant other than that which was

attached. *Pennoyer v. Neff,* 95 US 714; *Freeman v. Alderson,* 119 US 185; *Eliot v. McCormick,* 144 Mass. 10. But as against the property which was effectually attached the service of this writ could have been made the basis of a valid judgment. *Nat. Shawmut Bank v. Waterville,* 285 Mass. 252.

In the case of *Cheshire Nat. Bank v. Jaynes,* cited above, it was further said

> "It has been determined that a valid personal judgment cannot be rendered against a non-resident defendant who is not served with process within the State and who does not appear. When property of a non-resident defendant is attached within the State valid judgment may be entered enforceable against such property, but possessing no further validity unless such non-resident defendant is served personally with process within the state, or appears."

It is the opinion of this Division that the motion to dismiss should not have been allowed but that the judge in the exercise of his discretion should have ordered such form of notice as he deemed appropriate in accordance with G. L. c. 227 §10.

The order allowing the motion to dismiss is vacated and the case remanded to the District Court of Brockton for action consistent with this opinion.

W. G. Cogan of Brockton, for the Plaintiff.